NATIONAL MORTGAGE NETWORK, INC. and R/S Financial Corporation

v.

HOME EQUITY CENTERS, INC., Gary Grahek and Gary Hestor.

Civ. A. No. 87–2995.

United States District Court,
E.D. Pennsylvania,
Civil Division.

March 15, 1988.

David L. Braverman, Robert C. Seiger, Jr., Philadelphia, Pa., for plaintiffs.

Paul L. Hanes, Atlanta, Ga., for defendants.

## MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

I have before me MOTION OF DEFENDANT GARY HESTOR FOR DISMISSAL pursuant to Fed.R.Civ.P. 12(b)(2) and (3), (filed October 30, 1987), and PLAINTIFFS' ... MOTION TO COMPEL DISCOVERY AND TO EXTEND THE TIME TO COMPLETE DISCOVERY AND FILE PRETRIAL MEMORANDA, (filed February 12, 1988). For the reasons stated below, I deny defendant's motion but order this cause of action transferred to The United States District Court for the Northern District of Georgia. Because of the change of venue, I will amend Judge Pollak's scheduling order to require completion of discovery by May 3, 1988, with pretrial memoranda to be served by plaintiffs on May 10, 1988, and by defendant on May 17, 1988. It is not appropriate for me

to act on plaintiffs' motion to compel discovery.

## I. FACTUAL BACKGROUND

Plaintiffs National Mortgage Network, Inc. ("National Mortgage") and R/S Financial Corporation ("R/S Financial") are Pennsylvania corporations with their principal places of business in Philadelphia, Pennsylvania. Defendant Gary Hestor ("Hestor") is an individual resident of the State of Georgia. Defendants Home Equity Centers, Inc. ("Home Equity") and Gary Grahek ("Grahek") were voluntarily dismissed by STIPULATION OF DISMISSAL filed October 1, 1987. R/S Financial and Home Equity each own fifty percent of the stock of National Mortgage. Jurisdiction is based on the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961 et seq.) ("RICO"), on 28 U.S.C. § 1332(a) in that there is diversity of citizenship and under principles of pendent jurisdiction.

National Mortgage conducts business in the Atlanta, Georgia, metropolitan area at an office in Marietta, Georgia, which it shares with Home Equity. As agent for National Mortgage, Home Equity would, during the period involved in this action, process mortgage loans to be funded by National Mortgage or R/S Financial, or funded and purchased by third parties. Defendant Hestor was employed as an account loan officer of National Mortgage from approximately September, 1986, until December 4, 1986. It was his duty to review and approve loan applications. In doing so, he frequently communicated with the Philadelphia office of National Mortgage by United States Mail, telephone, and facsimili transmission. Defendant Hestor has never been in the Eastern District of Pennsylvania. Plaintiffs relied on the defendant Hestor in forming their own decisions regarding the funding and purchase of mortgage loans for their account and regarding representations made to third parties in connection with the sale of such loans.

The complaint alleges that defendant Hestor knowingly and fraudulently participated in the falsification of mortgage loan documents, causing plaintiffs to experience financial loss, liability to third parties, loss of business reputation and relationships, and difficulty with regulatory agencies. Defendant Hestor has filed his motion contesting jurisdiction and venue. He has also filed a MOTION FOR PROTECTIVE ORDER (filed January 28, 1988) in the Northern District of Georgia (Civil Action 1:88–CV–192) regarding his deposition to be taken in this case.

## II. DISCUSSION

■ Under Fed.R.Civ.P. 4(e), a federal court may assert personal jurisdiction over nonresident defendants to the extent allowed by the law of the state in which the court sits. The Pennsylvania long-arm statute, 42 Pa.C.S.A. § 5322(a)(4), confers jurisdiction for "Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth", and further, at § 5322(b) provides, "In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons ... to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." Pennsylvania courts have recognized that this provision renders the reach of the long-arm statute coextensive with that permitted by the due process clause of the United States Constitution. *See, e.g., Koenig v. International Brotherhood of Boilermakers,* 284 Pa.Super. 558, 426 A.2d 635, 640 (1980). However, the interpretation of the United States Constitution by Pennsylvania courts does not bind federal courts. I must therefore assess the constitutionality of exercising jurisdiction over a foreign defendant according to federal law. *Empire Abrasive Equipment v. H.H. Watson, Inc.,* 567 F.2d 554, 556 n. 1 (3d Cir.1977).

■ The basic factors for determining whether the exercise of jurisdiction over a nonresident defendant is proper were set out in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95

(1945). That case held that due process is satisfied when a nonresident defendant has such minimum contacts with the forum state "that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316, 66 S.Ct. at 158.

The "minimum contacts" test does not allow for mechanical application. Also, since *International Shoe* involved the issue of under what circumstances a state could assert personal jurisdiction over an out-of-state *corporation* and since many of the subsequent cases dealt with a commercial setting, it is somewhat difficult to apply the reasoning of many cases considering the "minimum contacts" test to this case. Nevertheless, the "minimum contacts" test is the test to be applied here. In deciding this, the facts must be weighed to see whether the requisite "affiliating circumstances" are present. Few answers "will be written in black and white. The greys are dominant and even among them the shades are innumerable." *Kulko v. Superior Court of California,* 436 U.S. 84, 92, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132 (1978).

Important factors in determining whether this test has been met are the quality of the contacts between the defendant and the forum state, *see McGee v. International Life Insurance Company,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), whether the cause of action flows from the contact or contacts, and whether the defendant has purposefully availed himself of the privilege of conducting activities in the forum state. *See Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The test for the foreseeability of a tort is whether "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

A special situation occurs where there is an intentional tort in one state calculated to cause harm in the forum state. Where such intentional conduct is involved, "Jurisdiction over [defendant] is therefore proper in [the forum state] based on the 'effects' of [his] conduct in [another state]." *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984).

Under these tests, it is clear that plaintiffs' claims against defendant Hestor arose out of forum related activities. Defendant Hestor was an employee of plaintiff National Mortgage, and his paychecks came from the Philadelphia office. Documents were from time to time sent to Philadelphia for discussion or approval. Mortgage loans with documentation fraudulently altered by defendant Hestor were known by him to be destined for purchase or resale in Pennsylvania. By entering into an employment relationship with plaintiffs, particularly a relationship of trust, defendant Hestor purposefully availed himself of the privilege of conducting activities in the forum state. It was clearly foreseeable to defendant Hestor that any fraudulent alterations of mortgage loan documents would have effects within Pennsylvania. It is also clear that, if as alleged, defendant Hestor acted fraudulently against the interests of his employer and in the hope of advancing his own wellbeing, he was acting in his own behalf and not on behalf of the corporation. Therefore, I gather from the allegations of the complaint and accept for purpose of argument that defendant Hestor intentionally availed himself of the privilege of conducting business in Pennsylvania, and committed a tort intended to have effect in Pennsylvania. This is sufficient to bring him within the reach of the Pennsylvania long-arm statute, and comports with due process.

■ While MOTION OF DEFENDANT GARY HESTOR FOR DISMISSAL (filed October 30, 1987) does not ask for change of venue as an alternative to dismissal, in REPLY MEMORANDUM OF LAW OF DEFENDANT GARY HESTOR IN SUPPORT OF MOTION FOR DISMISSAL (filed December 4, 1987), defendant suggests a transfer to the United States District Court for the Northern District of Georgia as an alternative to dismissal. Since I am not granting dismissal, I will treat that suggestion as an amendment to

defendant's motion. A district court may transfer a civil action to another district in which it might have been brought if the transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The moving party bears the burden of justifying the transfer. The court has broad discretion in deciding whether transfer is warranted. *See Plum Tree v. Stockment,* 488 F.2d 754, 756 (3d Cir.1973).

A motion to transfer is determined by the same factors relevant to a determination of a *forum non conveniens* motion, but the discretion given to the district judge is broader in deciding a change of venue. *Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). The court must consider both the public interest and the private interests of the parties. The factors to be considered are:

1. plaintiff's choice of forum;
2. relative ease of access to sources of proof;
3. availability of compulsory process for attendance of unwilling witnesses;
4. cost of obtaining attendance of willing witnesses;
5. possibility of viewing premises, if applicable;
6. all other practical problems that make trial of a case easy, expeditious, and inexpensive; and
7. "public interest" factors, including the relative congestion of court dockets, choice of law considerations, and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation.

*Gulf Oil v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

In addition, 28 U.S.C. § 1391(b) provides "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law."

A plaintiff's choice of forum normally is entitled to great weight. This choice is deserving of less weight where none of the operative facts of the action occur in the forum selected by the plaintiff. *Schmidt v. Leader Dogs for the Blind, Inc.,* 544 F.Supp. 42, 47 (E.D.Pa.1982); *Fitzgerald v. Central Gulf Steamship Corp.,* 292 F.Supp. 847, 849 (E.D.Pa.1968).

In applying these tests to the case at hand, we find that the alleged operative acts giving rise to this cause of action were committed by defendant Hestor entirely within the States of Georgia and Alabama, even though the effects of his alleged acts were fully felt in Pennsylvania. The principal witnesses, other than officers of plaintiffs, will be found in or near Atlanta. Documents, other than those already in plaintiffs' possession, are more likely to be found in or near Atlanta than in Philadelphia. Plaintiff National Mortgage has a place of business in Georgia. In addition, here we have an individual defendant placed against corporate enterprises of significant size. Clearly, the burden of defense in Philadelphia would fall more heavily on defendant Hestor than the burden of prosecuting in Georgia would fall on plaintiffs.

An appropriate order follows.

### ORDER

AND NOW, this 15th day of March, 1988, for the reasons stated in the accompanying memorandum, IT IS ORDERED that:

1. MOTION OF DEFENDANT GARY HESTOR FOR DISMISSAL (filed October 30, 1987) is DENIED.

2. This cause of action is TRANSFERRED to The United States District Court for the Northern District of Georgia, where a related case is now pending under the number Civil Action File No. 1:88–CV–192.

3. The Court's order dated October 16, 1987, is amended as follows:

Discovery shall be complete by May 3, 1988.

Pretrial Memoranda shall be served by plaintiffs on or before May 10, 1988, and by defendant on or before May 13, 1988.

The parties shall be ready for a pretrial conference on or about June 1, 1988.