## PROVIDENT MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA

v.

## Donald M. BICKERSTAFF.

### Civ. A. No. 92–7130.

United States District Court, E.D. Pennsylvania.

April 13, 1993.

Michele A. Murphy, Francis M. Milone, Morgan, Lewis & Bockius, Philadelphia, PA, for plaintiff.

A. Richard Feldman, Bazelon & Less, Philadelphia, PA, Neil Bloomfield, Bloomfield & Chernus, San Rafael, CA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently pending before the Court in this case are the motions of Defendant Donald M. Bickerstaff to dismiss the Plaintiff's complaint for lack of jurisdiction and improper venue or, in the alternative, to transfer this matter to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). For the reasons set forth in the paragraphs which follow, the motions are denied.

This case arose out of a promissory note which the Defendant gave to the Plaintiff insurance company on November 11, 1991 in the amount of $329,785.42 to secure Defendant's repayment of certain monies advanced by the Plaintiff to enable Mr. Bickerstaff and his partner, Mr. Fish, to establish an office from which they would exclusively sell Provident's insurance products. Under paragraphs 3 and 4 of the note, re-payment was to first be made by the company's retention of ⅙ of any and all commissions, expense reimbursement allowances or any other compensation otherwise payable to Mr. Bickerstaff. In the event that the amount of compensation earned was less than an amount that would enable the company to hold back the sum of $12,000 for any three consecutive months, Defendant could be declared to be in default and the entire amount of the note would then be immediately due and payable. The note further provided, at paragraphs 5(f) and 5(g), that the note was to be construed in

accordance with the laws of the Commonwealth of Pennsylvania and that the Defendant, by signing the document, agreed to litigate any action or proceeding arising out of the note in any state or federal court located within Philadelphia County and waived any defense of *forum non conveniens.*

Thereafter, some seven months later on June 19, 1992, Provident Mutual terminated Mr. Bickerstaff's Special Agent's Agreement. On July 8, 1992, it terminated both his company contract and appointment with the State of California. On July 31, 1992, the Plaintiff notified the Defendant that it considered him to be in default and that unless he cured that default within ten days by forwarding a check in the amount of $12,000, the entire balance due thereunder would be immediately due and payable and proceedings for repayment would be promptly commenced. This suit was subsequently instituted on December 11, 1992.

By way of the instant motions to dismiss, the Defendant argues (1) that the note's choice of law, forum selection and waiver of *forum non conveniens* provisions should be disregarded because he did not read or understand them nor was he represented by counsel when he executed the note; and (2) that he does not have the requisite minimum contacts with Pennsylvania to confer either jurisdiction or venue upon this Court.

■ In deciding a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint are taken as true, however, the burden of proof remains with the plaintiff to demonstrate a jurisdictional predicate by competent proof. *Jaffe v. Julien,* 754 F.Supp. 49, 51 (E.D.Pa.1991). Although in the usual case the plaintiff must show that the defendant has sufficient minimum contacts with the forum state such that the assertion of personal jurisdiction over him comports with the notions of fair play and substantial justice, in actions involving forum selection clauses analysis of the contacts with the forum state is inappropriate. Instead, the court must consider the validity and effect of the forum selection clause in order to determine if there has been a consent to *in personam* jurisdiction. *Burger King Corpo-*

*ration v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985); *International Shoe Company v. Washington,* 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945); *Mellon Bank (East) PSFS National Association v. Farino,* 960 F.2d 1217, 1222 (3rd Cir.1992); *Mutual Fire, Marine and Inland Insurance Co. v. Barry,* 646 F.Supp. 831, 832–833 (E.D.Pa.1986).

■ Furthermore, it has repeatedly been held that forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972); *Foster v. Chesapeake Insurance Co., Ltd.,* 933 F.2d 1207, 1218–1219 (3rd Cir.1991). The interpretation of such clauses, except in certain circumstances, is governed by state law. *Mutual Fire, Marine and Inland Insurance Co. v. Barry, supra,* at 833, citing *General Engineering Corp. v. Martin Marietta Alumina, Inc.,* 783 F.2d 352, 356–357 (3rd Cir.1986). Inasmuch as the standard for determining the enforceability of a forum selection clause is the same under Pennsylvania, California and federal law, it is unnecessary to resolve the applicability of federal or state law as to the pertinent choice of laws. Under these commonly held standards, a forum selection clause is unjust and unreasonable when obtained fraudulently or where enforcement would violate a strong public policy of the forum or effectively deprive the other party of his day in court. *Cedarbrook Associates v. Equitec Savings Bank,* 678 F.Supp. 107, 108 (E.D.Pa. 1987) citing, *inter alia, M/S Bremen v. Zapata Off–Shore Co., supra; Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190, 202 (3rd Cir.), *cert. denied,* 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983). Finally, it should be noted that the party opposing the forum selection clause has the heavy burden of proving that the clause should not be enforced and that this burden requires more than a showing of inconvenience or additional expense. *Id.*

■ Similarly, the district courts have broad discretion in deciding whether to

transfer an action for improper venue or inconvenience but the plaintiff's choice of forum is entitled to great weight and the burden is therefore on the moving party to justify the transfer. *Leonardo Da Vinci's Horse, Inc. v. O'Brien,* 761 F.Supp. 1222, 1229 (E.D.Pa.1991); *National Mortgage Network, Inc. v. Home Equity Centers, Inc.,* 683 F.Supp. 116 (E.D.Pa.1988). Where, however, a forum selection clause exists, its effect on the issue of the appropriateness of venue is essentially identical to its effect on the question of jurisdiction. *See Generally: Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273 (9th Cir.1984); *Pennsylvania House, Inc. v. Barrett,* 760 F.Supp. 439 (M.D.Pa.1991); *American Trade Partners, L.P. v. A–1 International Importing Enterprises, Ltd.,* 755 F.Supp. 1292 (E.D.Pa.1990).

 Viewing the case at bar in light of the legal standards just articulated, we cannot find that the Defendant has met his burden of demonstrating that the forum selection and choice of law clauses are unjust, unreasonable and should not be enforced. Specifically, paragraphs 5(f) and 5(g) of the November 11, 1991 promissory note given by Mr. Bickerstaff to Provident read as follows: .

(f) This note shall be governed and construed in accordance with and pursuant to the laws of the Commonwealth of Pennsylvania.

(G) THE UNDERSIGNED HEREBY CONSENTS TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED WITHIN THE COUNTY OF PHILADELPHIA, COMMONWEALTH OF PENNSYLVANIA AND IRREVOCABLY AGREES THAT ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS NOTE SHALL BE LITIGATED IN SUCH COURTS. THE UNDERSIGNED ACCEPTS FOR HIMSELF AND IN CONNECTION WITH HIS PROPERTIES, GENERALLY AND UNCONDITIONALLY, THE NONEXCLUSIVE JURISDICTION OF THE AFORESAID COURTS AND WAIVES ANY DEFENSE OF FORUM NON CONVENIENS, AND IRREVOCABLY AGREES TO BE BOUND BY ANY JUDGMENT RENDERED THEREBY IN CONNECTION WITH THIS NOTE OR THE LOAN. THE UNDERSIGNED SHALL SERVE AS AGENT TO RECEIVE SERVICE OF ALL PROCESS IN ANY SUCH PROCEEDINGS IN ANY SUCH COURT, SUCH SERVICE BEING HEREBY ACKNOWLEDGED BY THE UNDERSIGNED TO BE EFFECTIVE AND BINDING SERVICE IN EVERY RESPECT. IF ANY AGENT APPOINTED BY THE UNDERSIGNED REFUSES TO ACCEPT SERVICE, THE UNDERSIGNED HEREBY AGREES THAT SERVICE UPON HIM BY MAIL SHALL CONSTITUTE SUFFICIENT NOTICE. NOTHING HEREIN SHALL AFFECT THE RIGHT TO SERVE PROCESS IN ANY OTHER MANNER PERMITTED BY LAW OR SHALL LIMIT THE RIGHT OF ANY HOLDER TO BRING PROCEEDINGS AGAINST THE UNDERSIGNED IN THE COURTS OF ANY OTHER JURISDICTION.

Notwithstanding the foregoing language, in support of the instant motions, Mr. Bickerstaff has alleged and the Plaintiff has not disputed, that he does not now nor has he ever conducted business nor resided in Pennsylvania, that he and all of his witnesses reside in California, that it would be inconvenient and expensive for him to litigate this action in Pennsylvania and that he never paid attention to the fine print or boilerplate [language] in each document which he signed and that he did not use an attorney in connection with the discussions with Provident.

On the other hand, nowhere in this record is there any evidence to suggest that the contractual clauses at issue were fraudulently obtained or that enforcement thereof would violate the public policy of either Pennsylvania or California or that the Defendant would somehow be deprived of his day in court if this action were to remain in this forum. Moreover, Mr. Bickerstaff himself acknowledged that he had a lawyer assisting him with his dealings with Prudential in June, 1990 and he also was acquainted with an estate planning lawyer. (*See:* March, 1993 Declaration of Donald M. Bickerstaff, paragraphs 14, 19 and 20). Why he elected to not consult either of these or any other attorney

to assist him in his dealings with Provident Mutual is unclear, although he apparently was sufficiently sophisticated to have negotiated away certain proposed provisions in the November, 1991 note which were unsatisfactory to him. (*See:* Correspondence dated 11/12/91 from John Emrick to Donald Bickerstaff, attached as Exhibit "B" to Plaintiff's Response to Defendant's Motions to Dismiss or Transfer). We therefore find that an insufficient basis exists in this case to set aside the choice of law and forum selection provisions of the November, 1991 note. Accordingly, the Defendant's motions to dismiss for lack of jurisdiction and venue and/or to transfer this action to the Northern District of California are denied.