J-S22023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ARRO CONSULTING, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BENNETT, BREWER & ASSOCIATES, LLC, SUCCESSOR-IN-INTEREST TO COUGHENOUR SURVEYING | |
| | No. 1673 MDA 2016 |

Appeal from the Order Entered September 12, 2016
In the Court of Common Pleas of Lancaster County
Civil Division at No(s): 13-09159

BEFORE:  SHOGAN, J., MOULTON, J., and PLATT, J.[*]

MEMORANDUM BY MOULTON, J.:          **FILED SEPTEMBER 05, 2017**

ARRO Consulting, Inc. ("ARRO") appeals from the September 12, 2016 order entered in the Lancaster County Court of Common Pleas sustaining the preliminary objection filed by Bennett, Brewer & Associates, LLC ("BBA") to ARRO's complaint based on lack of personal jurisdiction.  We reverse and remand.

ARRO is a Pennsylvania-based civil engineering and environmental consulting firm, which also has an office in Maryland.  BBA is a Maryland-based land development firm with two offices in Maryland.  On July 7, 2008,

_____

[*] Retired Senior Judge assigned to the Superior Court.

BBA retained ARRO to perform engineering services for a land development project in Maryland.

On March 17, 2009, the parties entered into a professional services agreement ("Agreement") under which ARRO agreed to perform professional engineering services for BBA on the Maryland project. The Agreement contains the following provision:

> GOVERNING LAW. The laws of the Commonwealth of Pennsylvania shall govern the validity of this Agreement, its interpretation and performance. **Any litigation arising in any way from this Agreement shall be brought in the Courts of Common Pleas of Pennsylvania having jurisdiction**.

Agmt., Std. Terms & Conds., at 3, ¶ 20 (emphasis added).[1]

On September 20, 2013, ARRO filed a breach of contract action against BBA in the Lancaster County Court of Common Pleas. On October 23, 2013, BBA filed a preliminary objection to the complaint, asserting that the trial court lacked personal jurisdiction over BBA. On November 13, 2013, ARRO filed a response. BBA filed a reply on November 19, 2013.

On September 9, 2016,[2] the trial court sustained BBA's preliminary objection and dismissed ARRO's complaint. The trial court determined that

---

[1] The Agreement provides that "the attached standard terms and conditions are incorporated into and a part of this Agreement." Agmt. at 4 (full capitalization omitted).

[2] "Although a praecipe for disposition was filed on November 19, 2013, . . . the Office of the Prothonotary failed to assign the case or forward the

*(Footnote Continued Next Page)*

- 2 -

the phrase "having jurisdiction" in the forum selection clause means that a party to the Agreement may file suit only in a Pennsylvania court of common pleas having personal jurisdiction over the parties. As a result, the trial court engaged in a minimum-contacts analysis and concluded that it lacked personal jurisdiction over BBA:

> Not only does [BBA] lack sufficient contacts for a finding of specific personal jurisdiction, neither does [BBA] have such continuous and systematic contacts with Pennsylvania that would support a finding of general personal jurisdiction. [BBA] is a Maryland company with a Maryland address. It has never had a place of business in Pennsylvania, owned property in Pennsylvania, or had Pennsylvania employees or subcontractors. Other than maintaining a passive website, [BBA] does not solicit business from Pennsylvania. In fact, [BBA] has performed only one project in Pennsylvania, and this occurred after the events at issue in this case and under a contract with a non-Pennsylvania entity. Simply put, [BBA] does not have the minimum contacts necessary for the court to exercise personal jurisdiction.

Trial Ct. Order, 9/12/16, at 4.

In its Pennsylvania Rule of Appellate Procedure 1925(a) opinion, the trial court further explained its ruling:

> In ruling on [BBA's] preliminary objections, the court found no ambiguity in the words of the Agreement. In order to give effect to the words "having jurisdiction," the court determined that they limited the reach of the provision. The provision is not a blanket consent to Pennsylvania's jurisdiction. Such an interpretation would fail to give effect to the words "having jurisdiction." Instead, the provision is the consent of the parties that if Pennsylvania courts

_(Footnote Continued)_ ───────────────────

file [to the trial judge] until August 11, 2016." Trial Ct. Order, 9/12/16, at 2 n.1.

- 3 -

have jurisdiction, then any litigation arising from the [A]greement must be brought in Pennsylvania.

Trial Ct. Order, 11/7/16, at 3.

On appeal, ARRO raises the following issue: "Did the trial court err in dismissing the complaint by failing to give effect to the forum selection clause set forth in the written agreement between the parties?" ARRO's Br. at 4.

Our standard of review is as follows:

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt, and this Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion.

*Haas v. Four Seasons Campground, Inc.*, 952 A.2d 688, 691 (Pa.Super. 2008) (quoting *Rambo v. Greene*, 906 A.2d 1232, 1235 (Pa.Super. 2006)). Moreover, "the burden of proof initially rests upon the party contesting personal jurisdiction; once that party has provided proof, the burden then shifts to the non-moving party to adduce evidence demonstrating there is a basis for asserting jurisdiction over the moving party." *Id.*

ARRO asserts that the "Governing Law" provision in the Agreement contains a binding forum selection clause by which BBA consented to the exercise of personal jurisdiction by Pennsylvania courts. Thus, ARRO

contends that the trial court erred in conducting a minimum-contacts analysis and dismissing the complaint for lack of personal jurisdiction. We agree.

It is well settled that the "parties to a contract may agree in advance to submit to the jurisdiction of a given court." ***Cont'l Bank v. Brodsky***, 311 A.2d 676, 677-78 (Pa.Super. 1973). This Court has stated:

> Personal jurisdiction can be established by consent of the parties; when such consent is established, the famous "minimum contacts" framework developed by the United States Supreme Court in ***International Shoe Co. v. Washington***, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), is inapplicable. ***See e.g., Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee***, 456 U.S. 694, 703, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived.") . . . .

***Frontier Leasing Corp. v. Shah***, 931 A.2d 676, 680 (Pa.Super. 2007); ***see also Provident Mut. Life Ins. Co. v. Bickerstaff***, 818 F.Supp. 116, 118 (E.D.Pa. 1993) (stating that although usually "the plaintiff must show that the defendant has sufficient minimum contacts with the forum state" to establish personal jurisdiction, "in actions involving forum selection clauses[,] analysis of the contacts with the forum state is inappropriate"). "Instead, the court must consider the validity and effect of the forum selection clause to determine if" the defendant consented to personal jurisdiction in the chosen forum. ***Provident***, 818 F.Supp. at 118.

Our court has stated that "the modern trend is to uphold the enforceability of forum selection clauses where those clauses are clear and unambiguous." ***Patriot Comm. Leasing Co. v. Kremer Rest. Enters., LLC***, 915 A.2d 647, 650 (Pa.Super. 2006). A forum selection clause is subject to principles of contract interpretation and is generally enforceable "when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation." ***Autochoice Unlimited, Inc. v. Avangard Auto Fin., Inc.***, 9 A.3d 1207, 1215 (Pa.Super. 2010) (quoting ***Cent. Contracting Co. v. C.E. Youngdahl & Co.***, 209 A.2d 810, 816 (Pa. 1965)). Furthermore:

> [A] forum selection clause in a commercial contract between business entities is presumptively valid and will be deemed unenforceable only when: 1) the clause itself was induced by fraud or overreaching; 2) the forum selected in the clause is so unfair or inconvenient that a party, for all practical purposes, will be deprived of an opportunity to be heard; or 3) the clause is found to violate public policy.

***Midwest Fin. Acceptance Corp. v. Lopez***, 78 A.3d 614, 629 (Pa.Super. 2013) (quoting ***Autochoice***, 9 A.3d at 1215).

Here, ARRO and BBA included a forum selection clause within the "Governing Law" provision of their Agreement, which states: "Any litigation arising in any way from this Agreement shall be brought in the Courts of Common Pleas of Pennsylvania having jurisdiction." Agmt., Std. Terms & Conds., at 3, ¶ 20. Thus, our first task it to consider the validity and effect of the forum selection clause. ***See Provident***, 818 F.Supp. at 118.

In determining the parties' intent, we must construe "all provisions in the agreement" together so that "each will be given effect." *LJL Transp., Inc. v. Pilot Air Freight Corp.*, 962 A.2d 639, 647-48 (Pa. 2009). "Thus, we will not interpret one provision of a contract in a manner which results in another portion being annulled." *Id.* at 648.

We conclude that the mandatory language "shall be brought" evidences the parties' intent to choose Pennsylvania, as opposed to Maryland, as the forum for resolving legal disputes. Despite this unambiguous language, the trial court found that BBA did not consent to personal jurisdiction in Pennsylvania. This interpretation, however, renders the remainder of the forum selection clause meaningless. By interpreting the phrase "having jurisdiction" as meaning "having personal jurisdiction," the trial court failed to give effect to the words immediately preceding "having jurisdiction" – "shall be brought in the Courts of Common Pleas of Pennsylvania."

The only interpretation that gives effect to all words in the forum selection clause is that "having jurisdiction" means having **subject matter jurisdiction** over the dispute. Because the courts of common pleas have subject matter jurisdiction over breach of contract claims, *see* 42 Pa.C.S. § 931(a), the trial court is a "Court[] of Common Pleas of Pennsylvania having jurisdiction" over the parties' dispute. Therefore, we conclude that,

by signing the Agreement containing the forum selection clause, BBA consented to personal jurisdiction in the trial court.[3]

We also reject BBA's contention that the forum selection clause is unenforceable because it would be unreasonable for BBA to litigate this matter in Pennsylvania. Not only do Maryland and Pennsylvania border one another, but BBA intentionally retained ARRO for its project knowing that ARRO was a Pennsylvania company. BBA claims that it would be "unduly burdensome" to defend itself in Pennsylvania because the project at issue is located in Maryland and ARRO would not be prejudiced by litigating the case in Maryland. BBA's Br. at 24. That, however, is not the standard. BBA has not alleged, let alone proven, that the forum selection clause was induced by fraud, that Pennsylvania is so inconvenient that BBA will be deprived of an opportunity to be heard, or that the clause violates public policy. *See Midwest*, 78 A.3d at 629. Nor has BBA alleged any change in circumstances between the time it signed the Agreement and the time of this litigation. Therefore, BBA failed to meet its burden of proving that litigating this action in Pennsylvania would be unreasonable.

Accordingly, because the Agreement contains a valid and enforceable forum selection clause, and the trial court has subject matter jurisdiction

_____

[3] To conclude otherwise would mean that BBA consented to jurisdiction in Pennsylvania, but only if ARRO could establish personal jurisdiction over BBA in Pennsylvania. As explained above, such an interpretation would render the forum selection clause largely meaningless.

over this matter, we conclude that the trial court erred in sustaining BBA's preliminary objection.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/2017