FILED
United States Court of Appeals
Tenth Circuit

May 24, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 10-1005 |
| v. | (D. Colorado) |
| LUIS ALTAMIRANO-QUINTERO, | (D.C. Nos. 1:08-CV-01882-REB and 1:04-CR-00188-REB-MJW) |
| Defendant - Appellant. | |

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

Luis Altamirano, appearing pro se, requests a certificate of appealability (COA) to appeal the district court's denial of his motion for a writ of habeas corpus under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal dismissal of § 2255 motion). Because no reasonable jurist could conclude that Mr. Altamirano's § 2255 motion should have been resolved in a different manner, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), we deny his request for a COA and dismiss this appeal.

After entering into a plea agreement with the government, Mr. Altamirano pleaded guilty in the United States District Court for the District of Colorado to conspiring to possess, with the intent to distribute, 500 grams or more of methamphetamine. *See United States v. Altamirano-Quintero*, 511 F.3d 1087,

1089 (10th Cir. 2007). He was sentenced to the mandatory-minimum 10-year sentence, and unsuccessfully appealed the sentence. *See id.* On September 2, 2008, he filed a § 2255 motion raising five claims: (1) that the search of his person was nonconsensual and violated the Fourth Amendment, thereby tainting the later search of his vehicle, where the drugs were found; (2) that his second trial attorney (Harvey Steinberg) was ineffective in investigating the circumstances surrounding the searches, preparing the motion to suppress, and representing him at the suppression hearing; (3) that his third trial attorney (Mark Rubinstein) was ineffective in failing to assert the above Fourth Amendment and ineffective-assistance arguments in support of his motion to withdraw his guilty plea; (4) that his fourth attorney (Boston Stanton) was ineffective in repeating Mr. Rubenstein's failure to raise proper arguments in support of his motion to withdraw his plea, submitting to the court a deficient motion to withdraw his plea, and failing to request a downward sentencing departure based on his status as a deportable alien; and (5) that his appellate attorney (Paul Schwartz) was ineffective in not having raised on direct appeal his claim that his prior counsel provided ineffective assistance.

The magistrate judge issued a thorough recommendation that the motion be dismissed. On December 18, 2009, the district court overruled Mr. Altamirano's objections and adopted the recommendation. It also denied Mr. Altamirano a COA. Of particular relevance to the matter before us, the magistrate judge's

report noted that before Mr. Altamirano pleaded guilty, the district court had found that he had voluntarily consented to the searches of his person, his motel room, and his vehicle. And the district court pointed out that an attorney is not ineffective for failing to pursue an invalid argument.

In this court Mr. Altamirano argues (1) that his second attorney was ineffective; (2) that he did not consent to the search of his person, thereby tainting the later searches of his car and room; (3) that the canine search of his vehicle's interior could not be conducted without his specific consent to that search; and (4) that the district court improperly failed to consider an affidavit from his codefendant, submitted before Mr. Altamirano's sentencing, regarding Mr. Altamirano's lack of consent.

"A certificate of appealability may issue . . . only if the applicant [for a COA] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits," the prisoner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. If the motion was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and

the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the [motion] or that the [movant] should be allowed to proceed further." *Id.*

In assessing whether to grant a COA, we do not consider Mr. Altamirano's complaint that the district court failed to address his codefendant's affidavit, which had been submitted before sentencing. Mr. Altamirano did not rely on that affidavit in his district-court § 2255 proceedings, and we will not consider an issue not raised until appeal. *See Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998). As for the remaining issues, the magistrate judge's recommendation and the district court's order clearly establish the lack of merit of Mr. Altamirano's arguments. No reasonable jurist could debate that the issues should have been resolved differently.

Accordingly, we DENY a COA and DISMISS the appeal. We GRANT Mr. Altamirano's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-4-