FILED
United States Court of Appeals
Tenth Circuit

December 6, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

LUIS ALTAMIRANO-QUINTERO,

      Defendant - Appellant.

No. 12-1359
(D.C. Nos. 1:04-CR-00188-REB-MJW-2
and 1:04-CR-00188-MJW-2)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN,** and **MATHESON**, Circuit Judges.

Defendant Luis Altamirano-Quintero, a federal prisoner appearing pro se,[1] seeks

review of the district court's denial of his Rule 60(b) motion. His motion challenged the

district court's dismissal of the two claims in his habeas petition brought under 28 U.S.C.

_____

[*]After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Altamirano-Quintero is proceeding pro se, we construe his
pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United
States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se
litigant's] arguments liberally; this rule of liberal construction stops, however at the point
at which we begin to serve as his advocate.").

§ 2255. We deny Mr. Altamirano-Quintero's request for a certificate of appealability ("COA") on his first claim for a Fourth Amendment violation. We construe his second claim for ineffective assistance of counsel ("IAC") as an application for authorization to file a second or successive § 2255 petition, which we also deny.

## I. BACKGROUND

### A. *Mr. Altamirano-Quintero's Guilty Plea and Direct Appeal*

Mr. Altamirano-Quintero was charged with federal drug violations after a search of his vehicle produced incriminating evidence. He moved to suppress the evidence, arguing that he did not consent to the search. In June 2005, following his unsuccessful suppression hearing, he pled guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine as part of a plea agreement with the Government. The plea agreement emphasized that the court had discretion to sentence Mr. Altamirano-Quintero as the law allowed and that, once Mr. Altamirano-Quintero pled guilty, he waived the ability to appeal his guilt for this offense, but not his sentence.

At his change of plea hearing, Mr. Altamirano-Quintero expressed two concerns about his plea agreement: 1) that he felt pressured to accept or reject the agreement within 24 hours, and 2) that he still had unresolved concerns about a canine sniff of his vehicle. The district court resolved each of these concerns at the hearing. First, Mr. Altamirano-Quintero said under oath that he had sufficient time to read, review, discuss, and consider his plea agreement and to discuss it with his attorney. Second, his attorney and the judge addressed his questions about the canine sniff, and Mr. Altamirano-Quintero said he was satisfied with the response and prepared to proceed

2

with his plea.  Finally, Mr. Altamirano-Quintero said under oath that he understood he was waiving his right to appeal his guilt and that he was satisfied with his attorney.

In a letter dated August 17, 2005, Mr. Altamirano-Quintero expressed to the district court how "surprised" and upset he had been when he received the plea agreement offer in June 2005 and learned that it required him to waive his right to appeal his Fourth Amendment suppression issue.  The court directed that copies of the letter be served on both counsel for the government and for the defendant, but did nothing else to address the letter.

On March 10, 2006, Mr. Altamirano-Quintero moved to withdraw his guilty plea under Fed. R. Crim. P. 11(d) ("A defendant may withdraw a plea of guilty or nolo contendere . . . after the court accepts the plea but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal.").  In his motion, he argued that his guilty plea was not voluntary because 1) he thought he was guaranteed a shorter sentence if he pled guilty; 2) he did not know that he was waiving his right to appeal his suppression issue; and 3) he had ineffective assistance of counsel.  Based on the Mr. Altamirano-Quintero's testimony at the plea change hearing and his letter to the court expressing his understanding of the waiver, the district court denied his motion.

Mr. Altamirano-Quintero was sentenced to 10 years of imprisonment.  This court affirmed his sentence on direct appeal.  *United States v. Altamirano-Quintero*, 511 F.3d 1087, 1099 (10th Cir. 2007).

3

**B.** *Mr. Altamirano-Quintero's First § 2255 Motion*

On September 2, 2008, Mr. Altamirano-Quintero filed a § 2255 motion. He asserted that 1) the search of his person and his vehicle violated the Fourth Amendment and 2) his trial attorneys had been ineffective on that issue by not refuting the Government's argument that the encounter had been consensual in the motion to suppress or his motion to withdraw his plea.[2]

The motion was referred to a magistrate judge who rejected both claims. First, the magistrate judge found that Mr. Altamirano-Quintero had waived his right to raise the Fourth Amendment claim on collateral review because he did not raise it on direct appeal and did not show cause that might excuse his failure to raise the claim on direct appeal. Even if the Fourth Amendment claim could be raised, the magistrate judge found that it was meritless.

Second, on the IAC claim, Mr. Altamirano-Quintero argued that his counsel, in his written motion to suppress, failed to argue for the suppression of evidence from Mr. Altamirano-Quintero's person and room, and his counsel should not have conceded that Mr. Altamirano-Quintero consented to the vehicle search. He contends that, because of

---

[2] Mr. Altamirano-Quintero also claimed that two other appointed attorneys and his appellate counsel were ineffective. The magistrate judge found meritless the claims about the two other attorneys who were appointed during his motion to withdraw his guilty plea and his sentencing. Mr. Altamirano-Quintero argued that his appellate counsel was ineffective for failing to raise his IAC claims on direct appeal, but as this court has repeatedly held and the magistrate judge recognized in his recommendations, IAC claims should be brought in § 2255 motions and not on direct appeal. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). Mr. Altamirano-Quintero did not challenge the court's ruling on these additional claims in any of his successive motions, so they are not before us now.

his attorney's concession on the vehicle search consent, "the court rendered [his suppression hearing] testimony suspect" and gave it no "credibility." ROA, Vol. II at 30. Mr. Altamirano-Quintero also argued that his counsel failed to properly investigate the issues and present them to the court, which left him with no choice but to plead guilty.

The magistrate judge found, applying the *Strickland v. Washington*, 466 U.S. 668 (1984), test for IAC, that Mr. Altamirano-Quintero did not establish that his counsel's actions "fell below an objective standard of reasonableness" or that the outcome of the proceeding would have changed but for his counsel's "unprofessional errors." ROA, Vol. II at 140-41; *see also Strickland*, 466 U.S. at 688, 694. The magistrate judge found that counsel fully pursued the issue of consent at the suppression hearing and that the district court had correctly "addressed and ruled on [Mr. Altamirano-Quintero's] consent to the three searches." ROA, Vol. II at 143.

The district court adopted the report and recommendations of the magistrate judge and denied Mr. Altamirano-Quintero's § 2255 motion. Mr. Altamirano-Quintero requested a COA, which this court denied. *United States v. Altamirano-Quintero*, 379 F. App'x 764 (10th Cir. 2010).

### C. *Mr. Altamirano-Quintero's Second § 2255 Motion*

#### 1. *Denial of the § 2255 Motion*

On January 19, 2011, Mr. Altamirano-Quintero filed another § 2255 motion, which he argued was not a second or successive motion because it did not directly attack his conviction but instead challenged the district court's denial of his previous § 2255 motion.

The district court determined that Mr. Altamirano-Quintero had filed a second or successive § 2255 motion because he challenged the court's merits resolution of the IAC claim in his first § 2255 motion. Before a federal prisoner may file a second or successive § 2255 motion, the prisoner must first obtain an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Because Mr. Altamirano-Quintero had failed to obtain such an authorization, the district court dismissed his motion for lack of jurisdiction and denied his request for a COA.

### 2. *Denial of the Second or Successive § 2255 Motion*

Mr. Altamirano-Quintero next requested this court to authorize a second or successive § 2255 motion. We denied this request. We held that he had failed to demonstrate that his claims were based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," pursuant to § 2255(h)(1). Docket No. 312. We further held that he had failed to show that his claims relied on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," as allowed under § 2255(h)(2). *Id.*

### 3. *Denial of the Rule 60(b) Motion*

Mr. Altamirano-Quintero then filed a Fed. R. Civ. P. 60(b) motion in the district court requesting relief from that court's judgment denying his second § 2255 motion. First, he argued that the district court failed to address whether the search violated his

6

Fourth Amendment rights. Second, he claimed that the district court had violated the "law of the case" when it ruled on his second § 2255 motion that his counsel had effectively addressed the issue of consent. He argued that this ruling contradicted the judge's comments at his suppression hearing expressing doubt about whether the validity of his consent was properly before the court.

The district court denied the 60(b) motion. It determined that Mr. Altamirano-Quintero's Fourth Amendment argument was proper for a 60(b) motion because it challenged the integrity of his habeas proceedings. But the court found that the claim lacked merit. The court further explained that the IAC claim was properly classified as a second or successive § 2255 claim because it reasserted his federal basis for relief in his first § 2255 motion. Thus, the court had no jurisdiction to hear that claim without authorization from this court.

## II. DISCUSSION

### A. *Treatment of Rule 60(b) Motions Following Denial of Habeas Petitions*

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief from a final judgment in a limited set of circumstances, including mistake, newly discovered evidence, fraud, or "any other reason that justifies relief." A Rule 60(b) motion filed after a habeas petition has been denied is properly characterized as a second or successive habeas petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005)). But if it "(1) challenges only a procedural ruling of the habeas court which precluded a merits

determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding" and "does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition," then it should be considered as a Rule 60(b) motion. *Id.* at 1216 (quotations omitted).

We must treat claims that parties properly raise under Rule 60(b) separately from claims that should be classified as second or successive habeas motions. "If the district court correctly treated the motion . . . as a 'true' Rule 60(b) motion and denied it, we will require the movant to obtain a [COA] before proceeding with his or her appeal." *Id.* at 1217-18 ("[I]t would be illogical that a COA would be required to appeal from a habeas judgment, but not from the district court's order denying Rule 60(b) relief from such a judgment."); *see also Dulworth v. Jones*, 496 F.3d 1133, 1136 (10th Cir. 2007) (holding that "all appeals from final orders in habeas cases [must] meet the COA standard to proceed).

If the district court correctly treats a Rule 60(b) motion as a second or successive petition and transfers it to us for authorization, no COA is required because "the COA requirement applies only when the applicant desires to pursue 'an appeal.'" *Spitznas*, 464 F.3d at 1218 (quoting 28 U.S.C. § 2253(c)(1)). "Filing a second or successive petition, or seeking authorization to file such a petition, is not an appeal." *Id.* Thus, a COA is not required for this court to determine whether a second or successive petition should be authorized.

**B.** *Fourth Amendment Claim*

The district court found that Mr. Altamirano-Quintero's first claim was a true Rule 60(b) claim because it alleged that the district court had failed to consider the claim in his § 2255 motion that the search violated his Fourth Amendment rights. *See id.* at 1225 (ruling that petitioner's contention that the district court ignored his claim was a true Rule 60(b) claim because it asserted a defect in the integrity of the habeas proceeding). Nonetheless, the court found that Mr. Altamirano-Quintero's Fourth Amendment claim was procedurally barred because the court had already addressed it in ruling on his first § 2255 motion. In addition, the court concluded that even if it had erred by failing to address the Fourth Amendment claim, the error was harmless because Mr. Altamirano-Quintero unconditionally pled guilty, waiving any Fourth Amendment claims. Mr. Altamirano-Quintero seeks a COA to appeal this Rule 60(b) ruling.

The district court's procedural bar and waiver determinations were procedural as opposed to merits decisions. Under these circumstances, a COA may be granted only when the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Defendants waive the right to challenge their convictions on collateral attack when they have pled guilty because "'a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.'" *United States v. Cockerham*, 237 F.3d 1179, 1182 (10th Cir. 2001) (quoting

9

*United States v. Broce*, 488 U.S. 563, 574 (1989)).  Mr. Altamirano-Quintero is therefore procedurally barred from bringing a claim under § 2255 attacking the merits of his conviction, including the district court's decision to deny his motion to suppress on Fourth Amendment grounds.

Under *Slack*, the relevant question is whether reasonable jurists could debate the correctness of the district court's ruling that Mr. Altamirano-Quintero's Fourth Amendment claim was waived.  Our answer is no.  Accordingly, we decline to grant a COA to Mr. Altamirano-Quintero on this claim.

**C.** *Ineffective Assistance of Counsel Claim*

We treat a post-conviction motion filed after an initial § 2255 motion as a successive § 2255 motion—which must comply with § 2255(h)'s authorization requirement—if it in substance or effect asserts or reasserts a federal basis for relief from the prisoner's conviction.  *See United States v. Nelson*, 465 F.3d 1145, 1148–49 (10th Cir. 2006); *Spitznas*, 464 F.3d at 1215.  We treat a  Rule 60(b) motion as a second or successive habeas petition when it "challeng[es] the habeas court's previous ruling on the merits of that claim." *Id.* at 1216.  This is precisely what Mr. Altamirano-Quintero attempted to do in his Rule 60(b) IAC claim.

The district court found that Mr. Altamirano-Quintero's IAC claim was not proper for a Rule 60(b) motion because it neither "challenges only a procedural ruling" nor "challenges a defect in the integrity of the federal habeas petition." *Id.*  We agree with the district court's conclusion that Mr. Altamirano-Quintero's Rule 60(b) IAC claim constitutes a successive habeas claim.

10

Mr. Altamirano-Quintero's Rule 60(b) IAC claim challenges the merits of the district court's ruling on the second § 2255 motion. *See id.* He argues here that there is an inconsistency between the district court's determination that his counsel effectively addressed the issue of his consent to be searched and the district court's expressing doubts at the suppression hearing about whether the issue was properly raised. The district court addressed this issue when it ruled on his first § 2255 motion. We therefore construe Mr. Altamirano-Quintero's Rule 60(b) IAC claim as an application for authorization to file a second or successive § 2255 petition.

We may authorize a second or successive § 2255 petition only when the petition contains "newly discovered evidence" or "a new rule of constitutional law." 28 U.S.C. § 2255(h). Mr. Altamirano-Quintero does not allege that his claim is based on either. He therefore has failed to satisfy the requirements for authorizing a second or successive § 2555 petition.

### III.    CONCLUSION

We deny a COA on the first claim for a Fourth Amendment violation alleged in Mr. Altamirano-Quintero's Rule 60(b) motion. We construe his second Rule 60(b) claim for IAC as an application to file a second or successive § 2255 petition, which we also deny. This denial "shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

We also deny Mr. Altamirano-Quintero's motion to proceed *in forma pauperis*. He has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support

11

of the issues raised [in this matter]." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

ENTERED FOR THE COURT

Scott M.  Matheson, Jr.
Circuit Judge