F I L E D
United States Court of Appeals
Tenth Circuit

MAR 3 1998

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

PASCAL D. PIERCE,

      Plaintiff-Appellant,

v.

No. 97-6001

SHORTY SMALL'S OF
BRANSON INC.,

      Defendant-Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 95-CV-2010)

---

Submitted on the briefs:

M. Michael Arnett, Oklahoma City, Oklahoma, for Plaintiff-Appellant.

Rick E. Temple, King & Temple, Springfield, Missouri, for Defendant-Appellee.

---

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

---

**BRISCOE**, Circuit Judge.

---

Plaintiff-Appellant Pascal D. Pierce appeals from the district court's order dismissing his complaint for improper venue.  We affirm.[*]

Plaintiff brought this action in the Western District of Oklahoma, alleging he was sexually harassed and subjected to a hostile work environment while working at one of defendant's restaurants in Missouri.  See Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17.  Defendant filed a motion to dismiss, contending venue was not proper in the Western District of Oklahoma.  The district court agreed, and dismissed the action for improper venue.

Title VII contains its own venue provision.  See 42 U.S.C. § 2000e-5(f)(3).  It has long been settled in this circuit that this provision, rather than the general venue statute, governs venue in Title VII actions.  See Ford v. Valmac Indus., Inc., 494 F.2d 330, 332 (10th Cir. 1974).  Section 2000e-5(f)(3) reads in pertinent part as follows:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the

---

[*]        After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

This circuit has not specifically addressed the scope of review we employ when reviewing a district court's order dismissing a complaint for improper venue under 42 U.S.C. § 2000e-5(f)(3). Whether the district court erred in dismissing for improper venue frequently arises with the related question of whether the district court also erred in failing to transfer the action to a proper venue pursuant to 28 U.S.C. § 1406(a), rather than dismiss. Courts that have addressed this issue have concluded the decision of whether to dismiss or transfer lies within the sound discretion of the district court. See Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993); Johnson v. Payless Drug Stores Northwest, Inc., 950 F.2d 586, 588 (9th Cir. 1991). Here, plaintiff has not alleged the district court erred in dismissing his action instead of transferring it to a proper venue. Rather, plaintiff argues he satisfied the statutory requirements of § 2000e-5(f)(3), but the district court misinterpreted the statute. The district court's determination of where the action may be brought involves an interpretation of the venue statute and is, therefore, a question of law subject to de novo review. See Hooker v. United States Dep't of Health & Human Servs., 858 F.2d 525, 528 n.2 (9th Cir. 1988) (district court's interpretation of venue statute in diversity case reviewed de novo); compare with Bruns v. National Credit Union Admin., 122 F.3d 1251,

1253 (9th Cir. 1997) (district court's decision to dismiss action for improper venue reviewed for abuse of discretion).

In support of its motion to dismiss, defendant filed an affidavit containing facts from which it may be concluded that (1) the alleged Title VII violation occurred in Missouri; (2) plaintiff's employment records were prepared and maintained in that state; (3) Missouri is where the plaintiff would have worked but for the asserted unlawful employment practice; and (4) the restaurant's principal office is in Missouri.

Plaintiff failed to present any evidence in response to defendant's affidavit. Plaintiff contends that in responding to a motion to dismiss for improper venue, he was entitled to rely upon the well pled facts of his complaint. This is true, however, only to the extent that such facts are uncontroverted by defendant's affidavit. See Home Ins. Co. v. Thomas Indus., Inc., 896 F.2d 1352, 1355 (11th Cir. 1990); cf. Williams v. Bowman Livestock Equip. Co., 927 F.2d 1128, 1130 (10th Cir. 1991) (stating rule in context of personal jurisdiction). Defendant's affidavit controverted each of the statutory bases for jurisdiction pled in plaintiff's complaint.

Plaintiff argues the affidavit is insufficient because it does not positively state no records of his employment were maintained or administered in Oklahoma. Plaintiff's argument ignores the wording of the affidavit. It states that "[t]he

-4-

employment records of Shorty Small's of Branson relating to [plaintiff]'s employment were prepared and maintained in the State of Missouri." Appellant's App. at 17. The affidavit's inclusive language controverts the assertion that some records were maintained in Oklahoma.

Plaintiff contends there is a significant distinction between the phrase "prepared and maintained," used in the affidavit, and "maintained and administered," used in his complaint. This distinction is not significant. To establish venue under § 2000e-5(f)(3), plaintiff had to show the records were both maintained and administered in the Western District of Oklahoma. Defendant's affidavit controverts plaintiff's claim that the records were "maintained" in Oklahoma. That was sufficient contravention to defeat the venue allegation in plaintiff's complaint.

Finally, plaintiff argues the district court erred in failing to consider the two letters he submitted from the headquarters of a management company in Oklahoma. Plaintiff contends these letters establish venue in the Western District of Oklahoma. We review a district court's decision to consider particular evidence for abuse of discretion. Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc., 131 F.3d 874, 894 (10th Cir. 1997).

The letters were not submitted in connection with defendant's motion to dismiss on the venue issue. Instead, they were attached to a previous, unrelated

motion to dismiss an earlier complaint, which was decided several months before the district court considered the venue issue. Plaintiff made no argument before the district court that the letters supported his position on the venue issue. Instead, he makes this argument for the first time on appeal. We do not consider arguments which are raised for the first time on appeal. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 720-21 (10th Cir. 1993). We conclude that, based on the evidence before it, the district court acted within its discretion in disregarding the letters and dismissing plaintiff's complaint for improper venue.

Plaintiff also argues the district court erred in striking his sur-reply to the motion to dismiss and in refusing to consider his motion for reconsideration of the order striking his sur-reply. Both of these pleadings were filed after the district court's order of dismissal. Plaintiff's notice of appeal designated only the dismissal order as the order appealed. "Our appellate review is limited to final judgments or parts thereof that are designated in the notice of appeal." Cunico v. Pueblo School Dist. No. 60, 917 F.2d 431, 444 (10th Cir. 1990); see generally Fed. R. App. P. 3(c). Further, the order denying consideration of the motion for reconsideration was entered after plaintiff filed his notice of appeal. Plaintiff should have filed an amended notice of appeal if he wanted us to consider this order. See Fed. R. App. P. 4(a)(4).

AFFIRMED.