**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 5 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ROQUE DIAZ,

      Defendant - Appellant.

No. 01-2245

(D.C. Nos. CIV-00-1782 JP/KBM,
CR-97-227-JP)

(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant appeals the dismissal of his pro se 28 U.S.C. § 2255 appeal by the United States District Court for the District of New Mexico. He challenges that dismissal on four grounds.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant first claims that his sentence violates the principles set forth by the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000). We have yet to determine whether Apprendi applies to initial habeas petitions, nor need we address that issue here. See Browning v. United States, 241 F.3d 1262, 1264 (10th Cir. 2001). Apprendi holds that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. The jury found Defendant guilty of possession with intent to distribute 500 grams or more of a substance containing a detectable amount of cocaine. Rec. at 6. Title 21 U.S.C. § 841(b)(1)(C), which applies to any attempt to possess with the intent to distribute regardless of the amount of cocaine, sets the maximum period of imprisonment at twenty years. Because Defendant's ten-year sentence falls well within the maximum authorized by law without a jury finding of more than a trace of cocaine, his sentence does not violate Apprendi.

Defendant's second and third challenges address alleged deficiencies in trial counsel's representation. The district court adopted the magistrate judge's well written recommendation regarding these two claims. We agree with the district court that these claims are without merit for the same reasons set forth in the magistrate judge's recommendation.

Finally, for the first time on appeal, Defendant claims that his due process rights were violated when his habeas petition was assigned to a judge that did not preside over Defendant's trial or sentencing. Rule 4(a) of the Rules Governing Section 2255 Proceedings requires the habeas petition to be "presented promptly to the judge of the district court who presided at the movant's trial and sentenced him, or, if the judge who imposed sentence was not the trial judge, then it shall go to the judge who was in charge of that part of the proceeding being attacked by the movant." We need not consider Defendant's novel argument for two reasons. First, there is nothing in the record indicating that Defendant objected in the district court to the assignment of his habeas petition to a judge that did not preside over his trial or sentencing. Second, we generally do not address arguments raised for the first time on appeal. See Pierce v. Shorty Small's of Branson, Inc., 137 F.3d 1190, 1192 (10th Cir. 1998). Furthermore, Rule 4 specifically allows the petition to be presented to another judge "in accordance with the procedure of the court for the assignment of its business" if the trial or sentencing judge is unavailable. Fed. R. Sec. 2255 P. 4.

We **DENY** Defendant's Application for Certificate of Appealability. We **GRANT** Defendant's motion to proceed in forma pauperis. We AFFIRM the district court's denial of Defendant's "Motion Pursuant to 28 U.S.C. § 2255 to

Vacate, Set Aside or Correct Sentence by a Person in Federal Custody."

Entered for the Court


Monroe G. McKay
Circuit Judge