**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HARRIS CAPITAL FUND, LLC,

     Plaintiff-Appellant,

v.

CARLA L. GRILLO,

     Defendant-Appellee.

No. 05-3106
(D.C. No. 04-CV-1036-JTM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Harris Capital Fund, LLC, (Harris) appeals the order of the district court granting appellee Carla L. Grillo's motion to dismiss. We have

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

jurisdiction under 9 U.S.C. § 16(a)(1)(B), *Ansari v. Qwest Commc'ns Corp.*, 414 F.3d 1214, 1217 (10th Cir. 2005), and we affirm.

Harris brought this action in district court to compel arbitration on a personal guaranty agreement or, in the alternative, to obtain a declaratory judgment finding Grillo's claims in the dispute to be without merit. Grillo moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The district court refused to address the Rule 12(b)(6) arguments, finding instead that venue in the federal district court in Kansas was improper. We review a dismissal for improper venue de novo, *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998), and also apply that standard to the denial of a motion to compel arbitration, *Ansari*, 414 F.3d at 1218.

> The guaranty agreement at issue contained the following provision:
>
> Any controversy or claim arising out of, or relating to this Agreement, or the breach thereof, shall be settled by arbitration in New York City, State of New York, in accordance with the rules then in effect of the American Arbitration Association, and judgment upon the award rendered may be entered in any court having jurisdiction thereof.

Aplt. App. at 10.

Based on this language, the district court held that "[t]he proper forum for compelling arbitration . . . would be the courts of New York. New York is the

exclusive venue for Harris's claims." Aplt. App. at 67. Harris argues that, while the arbitration itself must take place in New York, any court of competent jurisdiction can compel that arbitration.

Since the district court's decision in this case, this court has published *Ansari*, 414 F.3d 1214, in which we joined the majority of courts holding that "where the parties agreed to arbitrate in a particular forum only a district court in that forum has authority to compel arbitration under [9 U.S.C.] § 4. In other words, a district court lacks authority to compel arbitration in other districts, or in its own district if another has been specified for arbitration." *Id.* at 1219-20 (citations and quotation omitted). The district court in this case correctly reached the same result.

Although the district court did not indicate that its dismissal was without prejudice, the other unresolved issues raised either in the complaint or in the motion to dismiss can still be raised in the proper forum. *See Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216-17 (10th Cir. 2002) (holding that where jurisdictional dismissal did not address the merits the dismissal should have been "without prejudice to filing in an appropriate forum").

The judgment of the district court is AFFIRMED.

Entered for the Court

-3-

Wade Brorby
Circuit Judge