FILED
United States Court of Appeals
Tenth Circuit

October 14, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CHUKWUMA E. AZUBUKO,

     Plaintiff–Appellant,

v.

LATOYA IRISH; UNKNOWN BOSTON
POLICE DETECTIVE (West Roxbury),

     Defendants–Appellees.

No. 11-6202
(D.C. No. 5:11-CV-00504-R)
(W.D. Okla.)

---

## ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

     Chuwuma Azubuko appeals the dismissal of his 42 U.S.C. § 1983 complaint for

lack of venue.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

     Azubuko filed a complaint in the Western District of Oklahoma alleging Latoya

Irish and an unknown Boston police detective violated his constitutional rights.  He

---

     [*] The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

complained that Irish denied his subsidized housing application and that the detective warned him not to contact Irish. Azubuko sought $21.4 million in damages.

The district court dismissed the action on venue grounds. According to the complaint, Azubuko, Irish, and the unknown detective all resided in Massachusetts. Further, the apartment at issue is located in Massachusetts. Azubuko did not allege any facts connecting the dispute to the Western District of Oklahoma. The district court noted that Azubuko has been placed under filing restrictions in the District of Massachusetts, and that Azubuko has "a history of attempting to circumvent the Orders enjoining him by filing his lawsuits in other Districts, only to have them transferred to the District of Massachusetts." Azubuko v. Vargas, No. 10-MC-10347-JLT, 2010 WL 4183699, at *1 (D. Mass. Oct. 25, 2010) (unpublished). Because an existing order requires that any civil action filed by Azubuko and transferred to the District of Massachusetts be immediately dismissed, see id., the district court declined to transfer the case. Following dismissal, Azubuko filed numerous motions, all of which were denied.

**II**

We review de novo a district court's decision that venue is improper. See Pierce v. Shorty Small's of Branson, 137 F.3d 1190, 1191 (10th Cir. 1998). Because § 1983 does not contain a venue provision, we must resort to the general venue statute, 28 U.S.C. § 1391. Azubuko's suit was founded on federal question jurisdiction and thus § 1391(b) provides the operative venue rule. See id. (applying to any "civil action wherein jurisdiction is not founded solely on diversity of citizenship"). That statute permits a

-2-

civil action to

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Id.

We agree with the district court that Azubuko's complaint does not qualify under any of the § 1391(b) prongs. On appeal, Azubuko cites to § 1391(d), which states that "[a]n alien may be sued in any district." However, the complaint does not allege that either defendant is an alien.

Azubuko spends the bulk of his appellate brief arguing that the district court possessed jurisdiction over his action. "Venue, however, is distinct from jurisdiction." United States v. 51 Pieces of Real Prop., 17 F.3d 1306, 1310 (10th Cir. 1994) (citation omitted). Regardless of the district court's jurisdiction, it dismissed on venue grounds. We agree that venue was improper and that the action should have been dismissed.

**III**

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge


-3-