FILED
United States Court of Appeals
Tenth Circuit

March 10, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILLIAM MICHAEL HART,

Plaintiff - Appellant,

v.

SHERRY A. SALOIS; TIMOTHY
STRAUSSNER; DOUGLAS HOWARD;
SHIRLEY HOPPER; BURL HOPPER;
PEGGY PENDLETON; KATHERINE
WESSLING; REBECCA BEALMEAR;
DOUGLAS R. BEACH; JAMES VAN
AMBURG; LEGAL ADVOCATES FOR
ABUSED WOMEN; AIMEE NASSIF;
CHERYL A. KELLY; JENNIFER
DOERING; KYLE DUBBERT; CITY OF
CLAYTON, MISSOURI; THOMAS J.
BYRNE; EDWARD HINRICHS; CITY
OF OAK CREEK, WISCONSIN; JOHN
EDWARDS; FNU GALLAGHER,
Officer; ST. LOUIS COUNTY,
MISSOURI; TIM FITCH; FNU HOOTS,
Sgt.; TIMOTHY LACHANCE; TERRY
ROBERDS; FNU O'NEILL, Det.; FNU
WILLMERING, Officer; PLATTE
COUNTY, MISSOURI; RICHARD
ANDERSON; ERIK HOLLAND;
MICHAEL D. BURTON; ELLEN LEVY
SIWAK; VICTORIA MULLEN MCKEE;
THEA A. SHERRY,

Defendants - Appellees.

No. 14-4053
(D.C. No. 2:13-CV-00011-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **MORITZ**, Circuit Judges.

---

William Michael Hart, appearing pro se, appeals the district court's dismissal of his Amended Complaint ("Complaint"). The district court dismissed the complaint for lack of personal jurisdiction over all but one of the defendants, and alternatively granted dismissal based on improper venue and the Complaint's failure to include a short and plain statement showing Hart's entitlement to relief, as required by Fed. R. Civ. P. 8(a)(2). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     Background

Of the more than 30 defendants named in Hart's pro se Complaint filed in the United States District Court for the District of Utah, only one resides in Utah. The other named defendants include individuals residing either in Missouri or Wisconsin, a Missouri non-profit entity, and several Missouri and Wisconsin municipalities.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Hart's Complaint numbered over 200 pages, included more than a thousand numbered paragraphs, and asserted 60 claims for relief.

Hart's grievances appear to stem from loans he made to defendant Sherry Salois. Hart alleged that after he notified Salois of her default on the loans, she sought Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the Eastern District of Missouri. According to Hart, Salois made misrepresentations in the bankruptcy proceedings, and despite his report to the bankruptcy trustee and other creditors, the Bankruptcy Court issued an order discharging Salois' debt, including her debt to Hart, and a final decree.

Hart alleged the defendants, both individually and in some cases as part of one or more conspiracies, committed numerous acts resulting in his lost claim in Salois' bankruptcy and other injuries. He asserted claims under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, and state anti-racketeering laws; 42 U.S.C. § 1983 and other federal statutes; and numerous other state laws.

A majority of the defendants moved to dismiss Hart's Complaint, raising numerous grounds. In granting those motions, the district court first held it lacked personal jurisdiction over all defendants except Peggy Pendleton, the only Utah resident. The court concluded all of the remaining defendants lacked minimum contacts with Utah and the exercise of jurisdiction over those defendants would upset notions of fair play and substantial justice. Alternatively, the court held venue was

improper in the District of Utah under 28 U.S.C. § 1391(b).  Finally, the court

dismissed Hart's Complaint for its failure to meet the pleading standard in Fed. R.

Civ. P. 8.  Noting the Complaint included 60 counts, 1227 paragraphs, 231 pages, and

a 7 ½ page table of contents, the district court concluded:

> Plaintiff's Complaint presents a very convoluted and complicated set of facts in what . . . Plaintiff believes is a grandiose conspiracy against him.  Plaintiff believes this conspiracy was a plot by a group of defendants, most of whom probably never have met each other or were not aware each other existed until the filing of this lawsuit.  Moreover, the Court and the parties are left to guess and attempt [to] parse out which claims relate to which individuals because Plaintiff regularly rotates between references to 'Defendants' and 'Individual Defendants' without making it clear which allegations are directed to which defendant or defendants.

R., Vol. 10 at 115.  Further, based on the nature of the allegations in the Complaint

and the court's rulings regarding lack of personal jurisdiction and improper venue,

the court refused to permit Hart to amend the Complaint, finding amendment would

be futile.

## II.    Discussion

In this appeal, Hart argues the district court erred in dismissing his Complaint

on each of the three grounds.  We review de novo the dismissal of a complaint for

lack of personal jurisdiction.  *Cory v. Aztec Steel Bldg., Inc.* 468 F.3d 1226, 1229

(10th Cir. 2006).  The plaintiff has the burden to prove jurisdiction.  *Melea, Ltd. v.*

*Jawar SA*, 511 F.3d 1060, 1065 (10th Cir. 2007).  When, as here, the district court

dismisses a complaint without an evidentiary hearing, the plaintiff need only make a

prima facie showing of personal jurisdiction.  To determine whether plaintiff has met

- 4 -

that burden, we resolve any factual disputes in the plaintiff's favor. *Cory*, 468 F.3d at 1229. We review de novo the district court's determination of where the action may be brought because that question requires interpretation of the venue statute, a question of law. *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998). We review the dismissal of a complaint under Rule 8(a) for an abuse of discretion. *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1167 (10th Cir. 2010).

Because Hart proceeds pro se, we liberally construe his Complaint and appellate arguments. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007). But our broad reading of Hart's complaint does not relieve his burden to allege facts sufficient to demonstrate personal jurisdiction over the defendants. *See Hall*, 935 F.2d at 1110 (requiring pro se plaintiff to allege sufficient, well-pleaded facts to support claim for relief). And while we will attempt to "discern the kernel of the issues" presented by a pro se party on appeal, *de Silva*, 481 F.3d at 1283 n.4, we won't assume the role of advocate for that litigant, *Hall*, 935 F.2d at 1110.

## A. Lack of Personal Jurisdiction

Applying a minimum-contacts due-process analysis, the district court held it lacked personal jurisdiction over all defendants but Pendleton. Hart fails to demonstrate the district court erred in that analysis. Instead, he argues the court obtained personal jurisdiction over the non-resident defendants pursuant to federal

statutes which confer jurisdiction by providing for nationwide service of process.  He

also maintains that, having alleged a conspiracy involving Pendleton, the district

court had personal jurisdiction over the other conspirators.[1]

### 1. Personal Jurisdiction Based on a Federal Statute Authorizing Nationwide Service of Process

"Service of a summons is a means of establishing a court's jurisdiction over a

defendant." *Cory*, 468 F.3d at 1229.  When Congress statutorily authorizes

nationwide service of process, such service establishes personal jurisdiction if the

federal court's exercise of jurisdiction comports with Fifth Amendment due process.

*Id.*  Thus, courts apply a two-step process before asserting personal jurisdiction over

a defendant in a federal-question case:  "(1) whether the applicable statute potentially

confers jurisdiction by authorizing service of process on the defendant and

(2) whether the exercise of jurisdiction comports with due process."  *Peay v.

BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (internal

quotation marks omitted).  In the second step of the inquiry, the defendant is

burdened with showing "the exercise of jurisdiction in the chosen forum will make

litigation so gravely difficult and inconvenient that he unfairly is at a severe

---

[1]  Although Hart raised these contentions below, the district court did not rule on them.  Generally, we remand to allow the district court to initially examine an issue. *See Morris v. Noe*, 672 F.3d 1185, 1193 n.2 (10th Cir. 2012).  But here we exercise our discretion to reach Hart's contentions because they raise legal issues, the resolution of which is clear. *See id.*

disadvantage in comparison to his opponent." *Id.* at 1212 (internal quotation marks and brackets omitted).

Citing 18 U.S.C. § 1965, Hart first asserts RICO authorizes nationwide service of process in this case. In relevant part, that statute provides:

> (a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.
>
> (b) In any action under [18 U.S.C. § 1964] in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

Under the terms of § 1965(a), which addresses venue in a RICO civil action, "an action can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant." *Cory*, 468 F.3d at 1230 (internal quotation marks omitted). But even when that venue test is met, summonses can be served nationwide on other defendants under § 1965(b) only "if required by the ends of justice." *Id.* at 1231.

Hart argues the defendants have not met their burden to demonstrate that the District of Utah is an unduly inconvenient forum. Therefore, he reasons the defendants can't show that the district court's exercise of jurisdiction violates their Fifth Amendment due process rights. But Hart ignores his burden under the first step in the analysis to demonstrate that § 1965 potentially confers jurisdiction by

- 7 -

authorizing service of process on defendants.  *See Cory*, 468 F.3d at 1232-33

("Without federal statutory authorization for nationwide service, we need not proceed

to the Fifth-Amendment inquiry.").

Personal jurisdiction can be established over at least one defendant in this

case—Pendleton—satisfying § 1965(a).  But § 1965(b) authorizes nationwide service

on non-resident defendants only if "it is shown that the ends of justice require that

other parties residing in any other district be brought before the court."  Hart neither

points to any facts alleged in his Complaint nor advances any contention on appeal

supporting his conclusion that the ends of justice require nationwide service of

process in this case.  He notes only that the "ends of justice is a flexible concept" and

that the confluence of defendants in a single jurisdiction does not control the

analysis.  *Cory*, 468 F.3d at 1232.  These general assertions fall short of satisfying

the ends-of-justice standard; consequently, Hart fails to show the district court had

personal jurisdiction over any defendant (aside from Pendleton) pursuant to § 1965(a)

and (b).

Next, Hart argues 42 U.S.C. § 1988(a) also confers nationwide service of

process.  But § 1988(a) does not concern service of process or personal jurisdiction.

Rather, it is a choice-of-law provision dictating when federal courts adjudicating civil

rights claims apply federal or state law.  *Karnes v. SCI Colo. Funeral Serv., Inc.*,

162 F.3d 1077, 1080 (10th Cir. 1998).

We conclude Hart has failed to show the district court had personal jurisdiction over any defendant other than Pendleton pursuant to a federal statute authorizing nationwide service of process.

## 2. Conspiracy Theory of Personal Jurisdiction

Alternatively, Hart argues the district court could exercise jurisdiction over the defendants other than Pendleton under a conspiracy theory of personal jurisdiction. We have recognized that "[t]he existence of a conspiracy and acts of a co-conspirator within the forum may, in some cases, subject another co-conspirator to the forum's jurisdiction." *Melea*, 511 F.3d at 1069. But "[i]n order for personal jurisdiction based on a conspiracy theory to exist, the plaintiff must offer more than bare allegations that a conspiracy existed, and must allege facts that would support a prima facie showing of a conspiracy." *Id.* (internal quotation marks omitted). After reciting the elements of a conspiracy claim, Hart baldly asserts he "has met this burden" and "[it] is clear a conspiracy existed as pleaded." Aplt. Opening Br. at 41. But Hart points to nothing in the Complaint supporting these assertions, and we will not comb the Complaint's 200-plus pages and 1000-plus paragraphs to determine whether Hart pled more than a bare allegation that a conspiracy existed. *See Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000).

Moreover, we have cautioned that "to hold that one co-conspirator's presence in the forum creates jurisdiction over other co-conspirators threatens to confuse the standards applicable to personal jurisdiction and those applicable to liability."

- 9 -

*Melea*, 511 F.3d at 1070. Therefore, in addition to pleading a prima facie conspiracy, due process requires that a defendant also have minimum contacts with the forum. *Id.* "[A] co-conspirator's presence within the forum might reasonably create the 'minimum contacts' with the forum necessary to exercise jurisdiction over another co-conspirator if the conspiracy is directed towards the forum, or substantial steps in furtherance of the conspiracy are taken in the forum." *Id.*

Here, Hart does not argue he alleged a conspiracy directed towards Utah. But he does assert (elsewhere in his opening brief) that a substantial part of the events giving rise to his claims occurred in Utah. In another section of his opening brief he describes his allegations against Pendleton.[2] But these allegations fail to demonstrate that Hart alleged substantial steps taken in Utah in furtherance of a conspiracy. Therefore, we conclude Hart has failed to show that the non-resident defendants had sufficient contacts with Utah to establish jurisdiction over them under a conspiracy theory of personal jurisdiction.

We affirm the district court's holding that it lacked personal jurisdiction over all defendants except Pendleton. Finally, we note that although the district court did not indicate whether its dismissal of the Complaint was with or without prejudice, a dismissal based on lack of personal jurisdiction is properly entered without prejudice

---

[2] Hart alleged Pendleton posted three comments on his blog and he characterized those comments as threatening. R., Vol. 5 at 81-82.

to re-filing in an appropriate forum. *See Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216 (10th Cir. 2002).

## B. Venue

The district court alternatively found venue improper in the District of Utah under 28 U.S.C. § 1391(b). But the court considered this question as if it had personal jurisdiction over all of the defendants. Here, because we have affirmed the dismissal of all defendants except Pendleton for lack of personal jurisdiction, we will consider the propriety of venue in the District of Utah only as to Pendleton, the sole remaining defendant in this action. We already have concluded Hart could bring his RICO claims against Pendleton in that district pursuant to 18 U.S.C. § 1965(a). In addition, venue appears proper in the District of Utah under § 1391(b)(1), which permits a civil action to be brought "in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Pendleton resides in the District of Utah, and no other defendant remains to be considered under § 1391(b)(1). Thus, venue is proper as to defendant Pendleton.

## C. Dismissal of Complaint for Failure to Comply with Rule 8

But the district court also dismissed Hart's Complaint for its failure to present "a short and plain statement of the claim[s] showing that the pleader is entitled to relief," as required by Rule 8(a)(2). In support, the court pointed to the considerable length of the Complaint; the "very convoluted and complicated set of facts" alleged, R., Vol. 10 at 115; and Hart's numerous collective allegations against the defendants

that failed to clarify which acts the individual defendants were alleged to have committed to give rise to the various claims against them.

Hart contends in his opening brief that his Complaint provided fair notice of the specific allegations against each defendant, and he maintains that, taken as a whole, his Complaint entitled him to relief. In his reply brief, Hart asserts the length and number of the Complaint's allegations are insufficient grounds for dismissal under Rule 8. He also contends he referred to the defendants collectively only after specifying the individuals included in his collective allegations.

But Hart fails to address the real defects in his Complaint. It is not the sheer length of his filing, the number of paragraphs, or the number of claims, that triggers the Rule 8 violation. Rather, the culprit is Hart's failure to connect his 60 separate claims to the Complaint's hundreds of factual allegations. Moreover, Hart's multiple collective allegations against the defendants and his corresponding failure to identify each individual defendant's culpable actions only exacerbated this significant deficiency.

We have approved a district court's similar refusal to "search through the several paragraphs of the plaintiffs' 'Introductory Allegations' and attempt to match the factual assertions with the elements of all subsections of the RICO statute to determine if the complaint states a claim for relief." *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989). Nor are defendants required "to 'piece' together the plaintiffs' complaint." *Id.* In *Glenn*, the plaintiffs' introductory

- 12 -

allegations accounted for several paragraphs of their complaint; here, Hart's Complaint set forth over 700 paragraphs and 100 pages of introductory allegations. And he makes no attempt on appeal to demonstrate that his Complaint stated a short and plain statement of his claims against Pendleton, the sole remaining defendant in the action.

Because Hart fails to show the district court abused its discretion in concluding his shotgun pleading contravened Rule 8's notice pleading standard, we affirm the district court's dismissal of the Complaint against Pendleton on that basis.

### D. District Court's Denial of Pending Motions

In its order dismissing Hart's Complaint, the district court denied as moot any remaining pending motions. At the conclusion of his opening brief, Hart identifies four motions he contends the district court failed to properly consider. But his arguments are perfunctory at best, and we decline to address these issues. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (reiterating "settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived" (internal quotation marks omitted)).

## III. Conclusion

Finally, we have reviewed Hart's six pending motions and we deny each of those motions. The judgment of the district court is affirmed.

Entered for the Court
Per Curiam

- 13 -