FILED
United States Court of Appeals
Tenth Circuit

**December 1, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

JOHN DONALD KELSO,

     Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

     Respondent - Appellee.

No. 20-5041
(D.C. No. 4:20-CV-00041-CVE-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **BACHARACH**, and **MORITZ**, Circuit Judges.

---

John Donald Kelso appeals, pro se,[1] from the denial of his motion to terminate his civil commitment through a writ of habeas corpus under 28 U.S.C. § 2241 or any writs available under the All Writs Act, 28 U.S.C. § 1651. *See* Aplt.'s Opening Br. at 2–3. Mr. Kelso also seeks permission to proceed *in forma pauperis* ("IFP").

---

    [*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

    [1]    Because Mr. Kelso is proceeding pro se, we construe his filings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *accord Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but "we will not 'assume the role of advocate,'" *United States v. Parker*, 720 F.3d 781, 784 n.1 (10th Cir. 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)).

For substantially the same reasons as the district court, we find no merit in Mr. Kelso's appeal.[2]  Accordingly, we **affirm** the district court's judgment. Furthermore, concluding that Mr. Kelso raises no non-frivolous arguments in support of his appeal, we **deny** his IFP motion.

## I

After he was found unfit to stand trial for bank robbery on November 22, 2017, Mr. Kelso was civilly committed to the Springfield Medical Center for Federal Prisoners ("MCFP") by a district judge in the Western District of Missouri.  *See* Order Adopting Report and Recommendations, *United States v. Kelso*, No. 6:17-cv-03039 (W.D. Mo. Nov. 22, 2017), ECF 14;[3] *see also* 18 U.S.C. § 4246(a) (concerning the hospitalization of a person due for release

---

[2]     The district court also denied Mr. Kelso a Certificate of Appealability ("COA").  R. at 55 n.4 (Dist. Ct. Order, filed Mar. 6, 2020).  This ruling was unnecessary.  "[A] certificate of appealability under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996), is not required in order to appeal a final order in a proceeding under 28 U.S.C. § 2241." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).  And final orders involving other relief that Mr. Kelso conceivably sought also are not subject to the COA requirement.  *Cf.* 28 U.S.C. § 2253(c)(1) (specifying order requiring a COA).  Consequently, we have no need here to consider whether Mr. Kelso qualifies for a COA; nor do we further consider the district court's order denying him a COA.

[3]     "Although we are not obliged to do so, we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand." *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007), *cert. denied*, 552 U.S. 969 (2007).  We use this discretion here in taking note of certain filings relating to Mr. Kelso.

2

but suffering from mental disease or defect).  On February 3, 2020, Mr. Kelso

filed a motion to terminate his civil commitment in the Northern District of

Oklahoma.  *See* R. at 3 (Petition for Writ of Habeas Corpus, filed Feb. 3, 2020).

This petition is one in a series of filings by Mr. Kelso seeking release.  *See*

Motion to Vacate, Set Aside, or Correct Sentence, *Kelso v. United States*,

No. 3:19-cv-00726-MMD-VPC (D. Nev. Dec. 5, 2019), ECF 41; *United States v.*

*Kelso*, 747 F. App'x 447, 448 (8th Cir. 2019) (unpublished).  In the section of his

petition to the Northern District of Oklahoma titled "factual, legal error(s)

complained" of, Mr. Kelso stated that "[t]hey took me to Reno, Nevada from

Tulsa, Okla. where they allege the crime took place. . . . They did not give me a

preliminary hearing, a fair bond or a jury trial. . . . [This violated] my due process

and my right to a jury trial."  R. at 33 (Amended Petition for Writ of Habeas

Corpus, filed Feb. 11, 2020).  Mr. Kelso also argued that several of his

constitutional rights were violated, including his right to receive a jury trial and

fair bail, his Sixth Amendment right to effective assistance of counsel, and his

Eighth Amendment right to be free from cruel and unusual punishment.  *Id.*

at 34–35, 38–39.  Additionally, Mr. Kelso asserted that the doctors at MCFP

repeatedly violated his First Amendment rights by forcing him to take medication,

in contravention of his religious beliefs, and by restricting his access to the

MCFP's telephones.  *Id.* at 38.  Finally, Mr. Kelso requested an annual jury trial

concerning his sanity and competence.  *Id.* at 34.

After liberally construing Mr. Kelso's pro se filing, *see, e.g.*, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), in a thorough and well-reasoned order, the district court dismissed Mr. Kelso's action. First, the district court interpreted Mr. Kelso's filing as a possible motion for a writ of either *audita querela* or *coram nobis* under the All Writs Act, 28 U.S.C. § 1651. *See* R. at 52–54 (Dist. Ct. Order, filed Mar. 6, 2020). But the district court concluded that this construction required it to dismiss Mr. Kelso's action because Mr. Kelso can still seek relief through a writ of habeas corpus under 28 U.S.C. § 2241. *See United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002).

Next, the district court viewed Mr. Kelso's motion as a possible 28 U.S.C. § 2241 petition for a writ of habeas corpus. *See* R. at 54. However, § 2241 requires Mr. Kelso to file a petition in the jurisdiction of his confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Mr. Kelso's jurisdiction of confinement is the Western District of Missouri—not the Northern District of Oklahoma. Thus, the district court concluded that, if Mr. Kelso was proceeding under § 2241, the court lacked jurisdiction to review his petition. *See* R. at 55; *see also Archuleta v. Hendrick*, 365 F.3d 644, 649 (8th Cir. 2004) (noting that only a committing court may grant conditional or unconditional release under 18 U.S.C. § 4247(h) and, therefore, such a court is the correct one to exercise jurisdiction over a 28 U.S.C. § 2241 petition).

Finally, the district court considered the possibility that Mr. Kelso's motion

could be interpreted as an action challenging conditions of his confinement or as

one pursuing damages claims against individual federal or state actors under

either *Bivens v. Six Unknown Named Agents of Federal Bureau Narcotics*,

403 U.S. 388 (1971), or 42 U.S.C. § 1983. *See* R. at 55–56. The court

entertained this possibility because Mr. Kelso stated that the MCFP's staff

repeatedly violated a number of his asserted civil rights. *Id.* However, the

district court reasoned that this view of Mr. Kelso's motion was still procedurally

barred because venue was improper. *Id.* at 56.

Accordingly, based on the foregoing alternative rationales, the district court

dismissed Mr. Kelso's action. Following this dismissal, Mr. Kelso timely filed a

notice of appeal on April 21, 2020.[4]

---

[4] Generally speaking, Mr. Kelso's appeal presents similar arguments to those rejected by the district court. Admittedly, Mr. Kelso's pro se filings are sometimes difficult to decipher, but there appear to be five notable exceptions. First, Mr. Kelso asks for a transcript of the Nevada District Court's decision to drop his robbery charges. Aplt.'s Opening Br. at 4. Second, Mr. Kelso invokes the Ninth Amendment's protection of unenumerated rights to argue that he should have his criminal sentence reinstated because his civil commitment could keep him in jail for life. *Id.* at 7. Third, Mr. Kelso argues it is class discrimination that convicted criminals get good time credits and individuals who are civilly committed do not. *Id.* at 2. Fourth, Mr. Kelso contends that the civil commitment statute, 18 U.S.C. § 4246(a), should be ruled void for vagueness. *Id.* at 5. Finally, Mr. Kelso states that he is in grave danger and needs to be transferred to any state hospital. *Id.* To the extent Mr. Kelso presents these arguments for the first time on appeal, they are waived. *See, e.g.*, *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130–31 (10th Cir. 2011); *Tele-Commc'ns v.*

(continued...)

5

## II

We review the district court's decision de novo because at issue are legal questions of statutory jurisdiction and venue. *See, e.g.*, *Trujillo v. Williams*, 465 F.3d 1210, 1215–16 (10th Cir. 2006); *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191–92 (10th Cir. 1998); *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("This court reviews the district court's disposition of [ ] habeas corpus petition[s] de novo. Factual findings are reviewed for clear error." (citation omitted)).

Like the district court, we liberally construe Mr. Kelso's pro se filing. *See Garrett*, 425 F.3d at 840. And, as that court did, we conclude that there are three reasonable ways to interpret Mr. Kelso's action: first, as a motion under the All Writs Act, 28 U.S.C. § 1651; second, as a petition under 28 U.S.C. § 2241; and third and finally, as a suit challenging his conditions of confinement or presenting damages claims against individual state or federal actors under 42 U.S.C. § 1983 or *Bivens*.

---

[4](...continued)
*C.I.R.*, 104 F.3d 1229, 1232–33 (10th Cir. 1997). In any event, in light of the threshold procedural nature of the district court's rulings—i.e., concluding alternatively that it lacked statutory jurisdiction or venue over Mr. Kelso's action—and given our ultimate conclusion that those rulings are legally sound, even if we considered Mr. Kelso's additional arguments, our disposition would remain the same.

Having thoroughly considered Mr. Kelso's filings, the record, and the relevant law, we uphold the district court's thorough disposition of Mr. Kelso's action for substantially the same reasons stated by that court. Furthermore, we cannot conclude that Mr. Kelso has presented any "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)). Accordingly, we deny his IFP motion.

### III

For the foregoing reasons, we **AFFIRM** the district court's judgment and **DENY** Mr. Kelso's IFP motion.[5]

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[5] Because we affirm the district court and deny Mr. Kelso's IFP motion, under the circumstances of this case, we also **DENY** as moot Mr. Kelso's self-titled *Motion in Support of Writ* filed on March 16, 2021 and his two motions filed on March 29, 2021—specifically, for a fast and speedy trial and for continuance of his pro se status.