**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 21, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

WADE REEVES,

     Plaintiff - Appellant,

v.

STANISLAUS COUNTY SUPERIOR
COURT; COMMISSIONER KENNETH
HARA; JUDGE ALAN CASSIDY;
KIMBERLY RINGER; DEPARTMENT
OF JUSTICE,

     Defendants - Appellees.

No. 24-5049
(D.C. No. 4:24-CV-00027-GKF-SH)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.

_____

Oklahoma resident Wade Reeves filed a pro se action in the United States

District Court for the Northern District of Oklahoma. He alleged that defendants

refused to provide disability accommodations to him during court proceedings in the

Superior Court of Stanislaus County, California, involving Reeves's child-support

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

obligations. He advanced constitutional claims under 42 U.S.C. § 1983 and claims under the Americans with Disabilities Act and the Racketeering Influenced and Corrupt Organizations Act ("RICO"). All defendants—the California Department of Justice, the Superior Court, one of that court's judges, its Commissioner, and its ADA coordinator—moved to dismiss, primarily for improper venue under Federal Rule of Civil Procedure 12(b)(3), or in the alternative for transfer to the United States District Court for the Eastern District of California.

The district court granted the motions to dismiss. The court concluded venue was improper under 28 U.S.C. § 1391(b), and the RICO venue statute, 18 U.S.C. § 1965(a), because all defendants are California residents, all acts forming the basis of Reeves's claims occurred in California, none of the defendants is located in Oklahoma, and none transacts business in the Northern District of Oklahoma.[1] The court declined to transfer the case to the Eastern District of California in the interests

---

[1] Section 1391(b) provides:

A civil action may be brought in-- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The RICO venue statute provides: "Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a).

of justice under 28 U.S.C. § 1406(a), finding that several factors weighed against transfer—refiling in California posed no limitations problems, Reeves filed the case to harass the defendants, and Reeves was forum shopping.[2]  Consequently, the district court dismissed the action without prejudice.  Reeves appeals.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.  We review de novo a district court's decision that venue is improper.  *See Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998).  We liberally construe pro se filings, but we "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

In his opening brief, Reeves cites a number of general principles regarding dismissal of cases, venue, and personal jurisdiction.  But his only arguments targeting the district court's venue ruling are conclusory statements that the district court "erroneously ruled that the proper venue did not lie in the Northern District of Oklahoma," Aplt. Opening Br. at 2, and that "[t]he lower court is the proper venue," *id.* at 4 (boldface and capitalization omitted).  Reeves therefore has waived review of that aspect of the district court's dismissal order.  *See Garrett*, 425 F.3d at 841 (concluding pro se appellant waived appellate review of district court's dismissal

---

[2] Section 1406(a) provides:  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

order due to inadequate briefing where the brief "consist[ed] of mere conclusory allegations"). We have nonetheless reviewed the district court's determination that venue was improper and see no error in the court's analysis or conclusion.

Reeves does argue that the district court should have transferred the case to the Eastern District of California because (1) if he were to refile there, the district court's ruling "would hinder [the California court's] fairness and impartiality"; and (2) he did not file his action in Oklahoma "to harass the Defendants." Aplt. Opening Br. at 2.

We review a district court's refusal to transfer under § 1406(a) review for an abuse of discretion. *Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact," *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016) (internal quotation marks omitted), or "when it makes a clear error of judgment, exceeds the bounds of permissible choice, or when its decision is arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment," *United States v. Mobley*, 971 F.3d 1187, 1195 (10th Cir. 2020) (internal quotation marks omitted).

Reeves's arguments do not persuade us that the district court abused its discretion. His contention that the district court's ruling would affect the fairness and impartiality of the federal district court in California's Eastern District is wholly speculative. And the district court provided sound reasons for its finding that Reeves filed his complaint in the Northern District of Oklahoma to harass defendants—the

4

obvious lack of venue there and the "convoluted" allegations in his "lengthy complaint (with an additional 200 pages of exhibits)" that "contain[ed] a litany of personal grievances and attacks on the defendants," R. vol. I at 573 n.3. We therefore reject his argument. The district court considered proper factors,[3] and it did not abuse its discretion in declining to transfer the action pursuant to § 1406(a).[4]

The district court's judgment is affirmed.

Entered for the Court


Carlos F. Lucero
Senior Circuit Judge

---

[3] Factors bearing on a § 1406(a) transfer decision include whether "the new action would be time barred" and whether "the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Trujillo*, 465 F.3d at 1223 n.16 (internal quotation marks omitted).

[4] We decline to consider arguments Reeves raises for the first time in his reply brief. *See Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 676 n.9 (10th Cir. 2016) ("We generally do not consider arguments raised for the first time in a reply brief."). We will, however, reject Reeves's contention that he "has the right to prosecute this case in simplicity and without being subjected to the complex standards in the Federal Rules of Civil Procedure." Aplt. Reply Br. at 2. Despite being pro se, Reeves must "follow the same rules of procedure that govern other litigants." *Garrett*, 425 F.3d at 840 (internal quotation marks omitted).

5