**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 11 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

GEORGE E. RAINEY,

  Plaintiff-Appellant,

v.

L. E. BRUCE, Warden, Hutchinson
Correctional Facility; C. SIMMONS,
Secretary of Corrections;
W. CUMMINGS, Designated
Secretary of Corrections; ROBERT
HANNIGAN, Former Warden,
Hutchinson Correctional Facility;
ROBERT W. GARWOOD, Unit Team,
East Unit Hutchinson Correctional
Facility; (NFN) O'SHEA, Chaplain,
Hutchinson Correctional Facility;
C. RUDICOL, Unit Team, Hutchinson
Correctional Facility, all sued in civil
and state capacities,

  Defendants-Appellees.

No. 02-3003
(D.C. No. 00-CV-3287-GTV)
(D. Kan.)

ORDER AND JUDGMENT   *

Before **KELLY** , **ANDERSON** , and **O'BRIEN** , Circuit Judges.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

George E. Rainey, a Kansas state inmate, filed a 42 U.S.C. § 1983 civil rights complaint against individual prison officials. The district court dismissed his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. He appeals that dismissal. Since he is pro se, we liberally construe his filings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). Our jurisdiction arises under 28 U.S.C. § 1291. This appeal is frivolous and we dismiss it. 28 U.S.C. § 1915(e)(2)(B)(i).

The district court permitted Mr. Rainey to proceed *in forma pauperis* (IFP). 28 U.S.C. § 1915(a)(1). The court is required, as it did, to dismiss an IFP case if it determines the action fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). We review de novo. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). In short, but comprehensive orders, with which we agree but do not repeat, the district court systematically and correctly evaluated Mr. Rainey's claims.

In his district court filings, Mr. Rainey argued that he missed a single towel exchange because he was using his wood-working materials; he was not provided toilet tissue on one occasion; his wood-working materials were seized pursuant to an investigation of the arts and crafts items he had made; he was terminated from a work assignment and subjected to false charges more than two years before he filed his complaint; and he was subjected to verbal abuse on one occasion. Finally, he argued he was denied his religious diet (1) in 1998, but it was reinstated after he completed a religious accommodation form; (2) on February 9, 1999, for one meal, when a corrections officer briefly retained his identification card which was marked to show his dietary requirements; and (3) on May 23, 1999, for which he failed to show exhaustion of administrative remedies. The district court decided the religious diet claim, which showed at most a de minimis intrusion, failed to state a claim for relief; the verbal abuse claim also failed to state a claim for relief; the towel exchange and toilet tissue claims were frivolous; the seizure of wood-working materials claim should be dismissed without prejudice for failure to exhaust administrative remedies; and the work termination and false disciplinary charges claim was time-barred.

Mr. Rainey suggested throughout his district court pleadings that he suffered from discrimination, harassment and retaliation, a conspiracy and on-going violations of his constitutional rights. To the extent Mr. Rainey made

these arguments, he did so in a vague, conclusory and unsupported fashion, which was insufficient to state a claim for relief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based"). Contrary to Mr. Rainey's argument, the district court did rule on the motions he filed in that court. *See* R., doc. 18 at 2-4; *id.* doc. 35 at 4.

The district court issued cogent, well-reasoned orders addressing and deciding Mr. Rainey's claims and explaining why. Instead of detailing, in a reasoned way, supported by authority, how the district court erred, Mr. Rainey simply repeats his district court arguments and allegations and employs the same strategy - a jumble of rambling, incoherent rants presented in an undifferentiated and conclusory fashion. We conclude his appeal is frivolous and, accordingly, it is DISMISSED. 28 U.S.C. § 1915(e)(2)(B)(i). [1]

Mr. Rainey's motion for temporary restraining orders and a preliminary injunction, motion for partial summary judgment, motion for modification of judgment, emergency motion for injunctive relief and further relief/modification

---

[1] The district court's dismissal for failure to state a claim and our dismissal of this frivolous appeal both count as strikes under 28 U.S.C. § 1915(g). Thus, Mr. Rainey has accumulated two strikes in this matter. *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

of judgments, motion to compel discovery, and any other outstanding motions are DENIED as moot.

After its decision the district court did not alter Mr. Rainey's IFP status. Thus, he was permitted to make his payments in installments. He remains obligated to continue making payments until the entire filing fee is paid. *See* Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(b)(2).

The mandate shall issue forthwith.

Entered for the Court


Terrence L. O'Brien
Circuit Judge
