**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**March 24, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ADAM STREGE,

    Plaintiff - Appellant,

v.

LAUNCH ALL NUCLEAR MISSILES;
ALL PLANETS NUCLEAR MISSILES;
NATE LONG, Grand Junction CO Police
Officer in his official and individual
capacities; BEN COOPER, Grand Junction
CO Police Officer in his individual
capacity; CRISS KOPP, Grand Junction
CO Police Officer in his official and
individual capacities; STEVE ANSEL,
Grand Junction Police Officer in his
official and individual capacities; 5
unknown named Delta County Sheriff
Deputies in their individual and official
capacities; STEVE BERUJ, Delta County
Sheriff in his official and individual
capacities; FAY MATHEWS, Delta
County Planning Department Director in
his official and individual capacities;
STARBUCKS COFFEE; DAVID
STEINER, United States Post Office
Postmaster General in his official and
individual capacities; ACSES HEATH;
GOD LOVES US; GOD LOVES YOU;
GOD HATES US; GOD HEAVEN; GOD
HELL; ALL SPACE PLANETS; ALL
PLANETS PEOPLE; ALL PLANETS
SUN LIGHT; ALL PLANETS ATOMS;
SATAN; ALL PLANETS; ALL SPACE
PLANETS COURTS ALL PLANETS
POLICE AND LAW ENFORCEMENT;

No. 26-1026
(D.C. No. 1:25-CV-03897-RTG)
(D. Colo.)

ALL PLANETS MILITARY; ALL
PLANETS COMPUTERS,

    Defendants - Appellees.

———————————————————

**ORDER AND JUDGMENT**[*]

———————————————————

Before **MATHESON**, **MURPHY**, and **ROSSMAN**, Circuit Judges.

———————————————————

Adam Strege, proceeding pro se,[1] appeals the dismissal of his complaint without

prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. He also

seeks leave to proceed *in forma pauperis* ("*ifp*") on appeal. Exercising jurisdiction under

28 U.S.C. § 1291, we affirm dismissal of his complaint and deny his *ifp* request.

## I.    BACKGROUND

Mr. Strege filed a complaint against a litany of individuals, entities, and

abstractions, such as "God Loves Us" and "All Planets." ROA at 6. The 33-page

complaint contained allegations about "Nuclear Missiles," "Female Computers,"

"Trillion Planets," and "God"—for example, it repeated what "God loves" about

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Strege appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

2

"Nuclear Missiles," "God Loves Heaven Female Computers will help Microsoft Computers Launch Nuclear Missiles kill all Earth people . . . God Loves Plant Apple Tree seeds in all Planets Nuclear Missile Triggers . . . God Loves launch Christmas Nuclear missiles . . . ." *Id.* at 6-26.

A magistrate judge ordered Mr. Strege to cure certain deficiencies, directing him "to file an amended complaint using the District of Colorado complaint form that provides a clear and concise statement of who is being sued and the claims being asserted." *Id.* at 46. The order also told him "either to pay filing and administrative fees totaling $405.00 or to file an amended Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) that is fully completed." *Id.* The magistrate judge warned Mr. Strege that "the action would be dismissed without further notice if he failed to cure all of the deficiencies within thirty days." *Id.*

Mr. Strege failed to cure any of the deficiencies within 30 days. He filed a motion requesting permission to file documents electronically but did not file an amended complaint or address the filing and administrative fees. The district court therefore dismissed the action without prejudice under Rule 41(b) for failure to prosecute and cure the deficiencies. The court also said any appeal would not be taken in good faith and denied *ifp* status on appeal. Mr. Strege timely appealed.[2]

---

[2] Mr. Strege first moved for reconsideration, which the district court denied. Mr. Strege's notice of appeal designated only the dismissal order. "Our appellate review is limited to final judgments or parts thereof that are designated in the notice of appeal." *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998) (quotations omitted); *see also Carolina Cas. Ins. Co. v. Burlington Ins. Co.*, 951 F.3d 1199, 1207 (10th Cir. 2020) ("We have no jurisdiction to hear a claim" challenging an

## II.  DISCUSSION

We review a district court's Rule 41(b) dismissal for failure to prosecute for abuse of discretion.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161-62 (10th Cir. 2007).  "A district court may dismiss an action sua sponte '[i]f the plaintiff fails to prosecute or to comply with th[e] [procedural] rules or a court order.'"  *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir. 2009) (quoting Fed. R. Civ. P. 41(b)).  "Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  *Id.*  When dismissing without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  *Nasious*, 492 F.3d at 1162.[3]

In his brief to this court, Mr. Strege does not explain how the district court erred in dismissing the action for failure to prosecute under Rule 41(b).  *See Nixon v. City & Cnty. of Denv.*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong.").  His 47-page brief does not otherwise contain any colorable argument based in fact or law.  Instead, it largely repeats the complaint's allegations and introduces some new, similar allegations.  *See, e.g.*,

---

order not included in the notice of appeal.).  We therefore lack jurisdiction to review the denial of the motion for reconsideration.  *Pierce*, 137 F.3d at 1192.

[3] In contrast, before dismissing with prejudice, a district court should consider the five *Ehrenhaus* factors:  "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir.1992) (citations and quotations omitted).

Aplt. Br. at 1 ("God Loves Give Adam Strege Tripple amount nuclear Missels Launched kill all Planets lawyers"); *id.* at 10 ("Adam Cousin Schaunaman mayor Aberdeen SD owned Subway Sandwiches Cannibalism Lunch Meat").  Even liberally construed, Mr. Strege's opening brief is "wholly inadequate" and "disentitle[s] him to review by this court."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005); *see Wisehart v. Wisehart*, No. 21-1148, 2021 WL 5895130, at *2 (10th Cir. Dec. 14, 2021) ("[B]riefing, which contains largely irrelevant, conclusory, incomprehensible, and abusive arguments . . . generally disentitles a litigant to appellate review.").

Our review of the record reveals no abuse of discretion.  The magistrate judge identified the deficiencies with Mr. Strege's complaint and fee application and warned him that failure to cure them within 30 days would result in dismissal without prejudice.  The district court mailed a copy of the magistrate judge's order to Mr. Strege at his mailing address on record.  When Mr. Strege failed to cure the deficiencies, the court dismissed the action without prejudice.  It exercised its discretion to do so, which is appropriate "[i]f the plaintiff fails to prosecute or to comply with th[e] [procedural] rules or a court order."  *Davis*, 571 F.3d at 1060 (quoting Fed. R. Civ. P. 41(b)).[4]

Because Mr. Strege's appeal "consists of irrelevant and illogical arguments" and is "wholly without merit," we conclude it is frivolous and deny his motion to proceed *ifp.*

---

[4] *See Barnes v. U.S. Dist. Ct.*, 815 F. App'x 295, 297 (10th Cir. 2020) (unpublished) (affirming dismissal without prejudice under Rule 41(b) for failure to comply with court's orders to cure deficiencies).  Unpublished cases are not binding precedent, but we may consider them for their persuasive value.  *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

*See Wheeler v. Comm'r*, 528 F.3d 773, 782 (10th Cir. 2008); *see also Rainey v. Bruce*, 74 F. App'x 8, 10 (10th Cir. 2003) (unpublished) (concluding an appeal that "simply repeats . . . a jumble of rambling, incoherent rants . . . is frivolous").

This is Mr. Strege's fourth appeal that we have deemed frivolous. *Strege v. Comm'r, SSA*, 848 F. App'x 368, 370 (10th Cir. 2021); *Strege v. Comm'r, SSA*, No. 21-1311, 2022 WL 500543, at *2 (10th Cir. Feb. 18, 2022) (unpublished); *Strege v. Gmail-Google*, No. 24-2012, 2024 WL 3175746, at *2 (10th Cir. June 26, 2024) (unpublished). We again warn him that he may be subject to filing restrictions in this court if he submits further frivolous filings. *See Andrews v. Heaton*, 483 F.3d 1070, 1078 (10th Cir. 2007).

## III. CONCLUSION

We affirm the district court's dismissal of Mr. Strege's complaint and deny his *ifp* request.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

6